## A98A1178. BURLESON v. THE STATE.
### (505 SE2d 515)

BEASLEY, Judge.

Michael Burleson contends and the State agrees that the trial court erred when it re-sentenced him after his original sentencing in connection with his guilty plea to one count each of armed robbery (OCGA § 16-8-41) and possession of a hoax device (OCGA § 16-7-85). The court originally sentenced Burleson under the Georgia First Offender Act (OCGA § 42-8-60) to fifteen years to serve five for armed robbery and five years on probation to run concurrently for the hoax device. Over three months later, the court "voided" its sentence for the armed robbery count and imposed a sentence of twenty years to serve ten, apparently in a concern that OCGA § 17-10-6.1 required a mandatory minimum sentence of ten years in prison.

Burleson identifies two errors in one enumeration but the second, denial of a motion for new trial, is not supported by argument or citation of authority and is therefore deemed abandoned.[1]

Based on this Court's recent ruling in *Fleming v. State*,[2] the court's original sentence was not valid. On March 27, 1998, the General Assembly amended OCGA § 17-10-6.1 and added OCGA § 42-8-66 to the First Offender statute in order to make clear that a defendant convicted of one of the serious violent felonies contained in OCGA

---

[15] (Citations and punctuation omitted.) *Lankford v. State*, 204 Ga. App. 405, 406 (1) (419 SE2d 498) (1992).

[1] Court of Appeals Rule 27 (c) (2).

[2] 233 Ga. App. 483 (504 SE2d 542) (1998) (Andrews, C. J., Beasley and Blackburn, JJ., dissenting).

§ 17-10-6.1 will not be eligible for first offender treatment under OCGA § 42-8-60.[3] *State v. Allmond*[4] held that as the law existed prior to the amendments, one could be sentenced as a first offender for armed robbery and avoid the mandatory minimum sentence. *Fleming* overruled *Allmond* and held that the amendments showed that the General Assembly's original intent in passing OCGA § 17-10-6.1 was to prohibit first offender treatment under these circumstances.[5]

The court had authority to impose a new sentence on Burleson in lieu of the original sentence because it was void. "In Georgia, a defendant, after a plea or verdict of guilty, may, when a void sentence has been imposed, be returned before the proper court so that a legal sentence may be imposed upon him in accordance with the existing law. [Cits.] Where a sentence is void the court may resentence the defendant at any time. [Cit.] The imposition of a void sentence is not an obstacle to the assumption by the court which imposed it of jurisdiction of the convict, in order that a legal sentence may be imposed. The case is to be regarded as pending until it is finally disposed of by the imposition of a lawful sentence."[6]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 4, 1998 — ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Robert J. Pinnero*, for appellant.
*John R. Parks, District Attorney*, for appellee.

---

[3] Id. at 484.

[4] 225 Ga. App. 509 (484 SE2d 306) (1997).

[5] *Fleming* at 485.

[6] (Punctuation and emphasis omitted.) *Bryant v. State*, 229 Ga. App. 534, 536 (1) (494 SE2d 353) (1997). See also *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978).