S98G1795. FLEMING v. THE STATE.
S98G1900. BURLESON v. THE STATE.
(523 SE2d 315)

HINES, Justice.

We granted certiorari to the Court of Appeals in *Fleming v. State*, 233 Ga. App. 483 (504 SE2d 542) (1998), and *Burleson v. State*, 233 Ga. App. 769 (505 SE2d 515) (1998), cases involving unrelated criminal defendants, to address the common question of whether a defendant found guilty of a serious violent felony under OCGA § 17-10-6.1 could apply for first offender status prior to the 1998 amendments to OCGA § 17-10-6.1 and the First Offender Act, OCGA § 42-8-60 et seq. Contrary to the majority opinion in *Fleming*, which was held controlling in *Burleson*, we conclude that before the statutory amendments, a defendant found guilty of a serious violent felony under OCGA § 17-10-6.1 was not precluded from requesting and obtaining first offender treatment. Consequently, we reverse.

The relevant facts in *Fleming* and *Burleson* are set forth in the Court of Appeals opinions. A jury found Denorris Fleming guilty of an armed robbery and simple assault which took place on April 21, 1996. At Fleming's March 25, 1997 sentencing hearing, the trial court refused to consider Fleming's first offender petition based on the court's reading of *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978),[1] and on its determination that it was without authority

---

[1] In *Stuckey*, the sentence imposed was held to be void based on the determination that the trial court had no jurisdiction to probate a sentence imposed on conviction of armed robbery; the case did not involve the First Offender Act.

to do so because of the mandatory minimum sentences provided by OCGA § 17-10-6.1. Michael Burleson, who pled guilty to armed robbery and possession of a hoax device, was originally sentenced under the First Offender Act to fifteen years to serve five for the armed robbery and a concurrent five years on probation for the hoax device. Over three months later and out of apparent concern that OCGA § 17-10-6.1 required a mandatory minimum sentence of ten years in prison, the trial court "voided" its sentence for the armed robbery and imposed a sentence of twenty years to serve ten.

Former OCGA § 17-10-6.1 (b), in effect at the times of commissions of the crimes and original sentencings in these cases, provided:

Notwithstanding any other provisions of law to the contrary, any person *convicted* of a serious violent felony . . . [armed robbery; kidnapping; rape; aggravated child molestation; aggravated sodomy; aggravated sexual battery] shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles.

(Emphasis supplied.)

In 1997, the Court of Appeals addressed the relationship between then OCGA § 17-10-6.1 and the First Offender Act in *State v. Allmond*, 225 Ga. App. 509 (484 SE2d 306) (1997). There the Court observed that "by its terms OCGA § 17-10-6.1 (b) does not become applicable until a person has been convicted of one of the specified crimes" and that "selection for first offender treatment does not result in an adjudication of guilt or conviction." *Allmond* at 509. Thus, the Court concluded that OCGA § 17-10-6.1 (b), as then drafted, did not curtail the provisions of the First Offender Act. Id. at 510.

Following the *Allmond* decision, the legislature declared its "expressed intent" that persons who commit a serious violent felony specified in the Sentence Reform Act of 1994 be sentenced to a mandatory term of imprisonment of not less than ten years. Ga. L. 1998, p. 180, § 1. Consequently, the legislature amended OCGA § 17-10-6.1 (b),[2] effective March 27, 1998, and enacted a new provision in

---

[2] Amended OCGA § 17-10-6.1 (b) added:

No person convicted of a serious violent felony as defined in subsection (a) of this Code section shall be sentenced as a first offender pursuant to Article 3 of Chapter 8 of Title 42, relating to probation for first offenders, or any other provision of Geor-

the First Offender Act, OCGA § 42-8-66,[3] effective on the same date, to state that a defendant who is convicted of a serious violent felony as defined in OCGA § 17-10-6.1 (a) is not eligible for first offender treatment under OCGA § 42-8-60. Now a majority of the Court of Appeals in *Fleming* overrules *State v. Allmond,* stating that it is doing so "based on several factors, most important of which is the legislature's recent pronouncement" on the interplay of punishment for serious violent offenders under OCGA § 17-10-6.1 and the First Offender Act.

However, the majority analysis misses the mark. It is premised upon two concepts of statutory construction ill-suited to these appeals: If examination of a subsequent statute in pari materia reveals the meaning that the legislature attached to the words of a former statute, it will amount to a legislative declaration of its meaning and it will govern the construction of the former statute; and subsequent legislation declaring the intent of the legislature in enacting an earlier statute is entitled to great weight. See *Bd. of Trustees, Policemen's Pension Fund &c. v. Christy*, 246 Ga. 553, 555 (1) (272 SE2d 288) (1980); *Jackson v. Delk*, 257 Ga. 541, 543 (3) (361 SE2d 370) (1987).

But, judicial construction is necessary only when a statute is ambiguous; in fact, when the language of a statute is plain and unequivocal, judicial construction is not only unnecessary but forbidden. *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81) (1970). As noted in *Allmond*, former OCGA § 17-10-6.1 is plain and unequivocal in its application only to individuals convicted of one of the specified crimes. *Allmond* at 509. The fact that the legislature later declared an intent it did not earlier express did not render the plain language of the earlier pronouncement ambiguous, and thus, susceptible of construction.

More significantly, the Court of Appeals' analysis of this penal statute providing for punishment, and its consequences for Fleming and Burleson, run afoul of basic precepts of criminal jurisprudence. A criminal statute's unambiguous words may not be altered by judicial construction in order to extend punishment, however deserving of the punishment the person's conduct may seem. *Waldroup v. State*, 198 Ga. 144, 145 (30 SE2d 896) (1944). Even if judicial construction

---

gia law relating to the sentencing of first offenders. The State of Georgia shall have the right to appeal any sentence which is imposed by the superior court which does not conform to the provisions of this subsection in the same manner as is provided for other appeals by the state in accordance with Chapter 7 of Title 5, relating to appeals or certiorari by the state.

[3] OCGA § 42-8-66 provides:

The provisions of this article shall not apply to any person who is convicted of a serious violent felony as defined in subsection (a) of Code Section 17-10-6.1.

was appropriate, it has long been the law in this state that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission. See *Patton v. State*, 80 Ga. 714, 716 (1) (6 SE 273) (1888); *Jackson v. State*, 12 Ga. 1, 3 (1) (1852); *Reynolds v. State*, 3 Ga. 53, 56 (1) (1847). See also *Hicks v. State,* 228 Ga. App. 235, 237 (1) (b) (494 SE2d 342) (1997). Also, criminal statutes must be strictly construed against the state, *Bankston v. State*, 258 Ga. 188, 190 (367 SE2d 36) (1988), and when a statute imposing a penalty is capable of two constructions, the statute should be construed as imposing the lesser penalty. *Diamond v. State*, 267 Ga. 249, 251 (3) (a) (477 SE2d 562) (1996). The Court of Appeals' decision in *Fleming* does quite the opposite.

What is more, the Court of Appeals majority analysis implicates ex post facto concerns. "In general, a law is ex post facto if it inflicts upon the party . . . a greater punishment than the law annexed to the crime at the time it was committed or it alters the situation of the accused to his disadvantage. *Todd v. State*, 228 Ga. 746, 751 (187 SE2d 831) (1972)." *Brantley v. State*, 268 Ga. 151, 153 (2) (486 SE2d 169) (1997). Here, the denial of the opportunity to be treated as a first offender impermissibly altered the defendants' situations to their disadvantages and inflicted a greater punishment than what was mandated at the time their crimes were committed.

Finally, the *Fleming* majority stated it was relying in part on this Court's decision in *Campbell v. State*, 268 Ga. 44 (485 SE2d 185) (1997). But such reliance is misplaced. *Campbell* affirmed the constitutionality of the mandatory sentencing legislation of the Sentence Reform Act of 1994. Ga. L. 1994, p. 1959. It did not alter the fact that the law applicable to Fleming's and Burleson's original sentencings permitted consideration as a first offender.

Accordingly, the judgments of the Court of Appeals are reversed and these cases are returned to the Court of Appeals for action consistent with this opinion.

*Judgments reversed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*Patricia A. Buttaro,* for appellant.

*William T. McBroom, District Attorney, Randall K. Coggin, Assistant District Attorney,* for appellee.

*Robert J. Pinnero,* for appellant.
*John R. Parks, District Attorney,* for appellee.