## A99A1225. HORTON v. THE STATE.
### (527 SE2d 254)

MILLER, Judge.

DeWayne Horton and co-defendant Lonnie Burns were convicted of armed robbery and possession of a firearm during the commission of a felony. The evidence revealed within minutes after the armed robbery of a convenience store, police stopped Horton and Burns in the vicinity while they were driving away from the store in a vehicle which contained the ski masks, a gun, and identifiable money associated with the robbery. Horton appeals, raising three claims of error: (i) denial of his motion to suppress, (ii) refusal to sentence him as a first offender, and (iii) sufficiency of the evidence. We affirm.

1. Arguing police did not have probable cause to stop the vehicle or to arrest him, Horton contends the trial court erred in denying his motion to suppress the evidence found in the vehicle. This precise argument was based on the same record and facts raised by co-defendant Burns in his separate appeal and was found to be without merit. *Burns v. State,* 239 Ga. App. 532 (1) (521 SE2d 217) (1999), remanded by the Supreme Court on other grounds by unpublished order, *Burns v. State,* Case No. S99C1729 (November 19, 1999). We see no reason to reiterate the facts and analysis here.

2. Horton also claims that the evidence was insufficient to convict him under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This claim was not addressed in *Burns.* Evidence showed that shortly after 2:00 a.m., police found Horton, a white male wearing camouflage coveralls (just as described by the store clerk), attempting to conceal himself in a vehicle near the vicinity of the store within minutes of the crime. A second white male, two ski masks, a gun, and identifiable money (including a $2 bill), all identified or described by the store clerk as associated with the crime, were found in the vehicle. During the robbery, the store clerk even heard the first white male refer to his accomplice as "DeWayne." The evidence sufficed to sustain the convictions.

3. Finally, Horton contends that the trial court erred in refusing to consider sentencing him as a first offender under the First Offender Act (OCGA § 42-8-60 et seq.). In its denial, the court relied on *Fleming v. State,* 233 Ga. App. 483 (504 SE2d 542) (1998), where this court applied the amendments to OCGA § 17-10-6.1 and the First Offender Act, both effective March 27, 1998.

OCGA § 17-10-6.1 establishes the mandatory minimum punish-

ment for serious violent offenses including the offense of armed robbery. The amendment added that

> [n]o person convicted of a serious violent felony as defined in subsection (a) of this Code section shall be sentenced as a first offender pursuant to Article 3 of Chapter 8 of Title 42, relating to probation for first offenders, or any other provision of Georgia law relating to the sentencing of first offenders.

OCGA § 17-10-6.1 (b). Similarly, the First Offender Act was amended to add that "[t]he provisions of this article shall not apply to any person who is convicted of a serious violent felony as defined in subsection (a) of Code Section 17-10-6.1." OCGA § 42-8-66. In *Fleming*, although the crimes were committed prior to the enactment of these amendments, this court concluded that Fleming should not be considered for first offender treatment because the subsequent amendments declared the intent of the legislature in enacting the earlier statutes. *Fleming*, supra, 233 Ga. App. at 487-488.

But *Fleming* was recently reversed by the Supreme Court in *Fleming v. State*, 271 Ga. 587 (523 SE2d 315) (1999). The court held that "before the statutory amendments, a defendant found guilty of a serious violent felony under OCGA § 17-10-6.1 was not precluded from requesting and obtaining first offender treatment." Id. Fleming was charged with crimes that were committed in 1996 and was sentenced in 1997, prior to the enactment of the 1998 amendments. The court explained that looking to an amendment for the intent of an earlier statute is warranted only where the original statute is ambiguous and "[t]he fact that the legislature later declared an intent it did not earlier express did not render the plain language of the earlier pronouncement ambiguous, and thus, susceptible of construction." Id. at 589. The court also held that "the denial of the opportunity to be treated as a first offender impermissibly altered the defendants' situations to their disadvantages and inflicted greater punishment than what was mandated at the time their crimes were committed." Id. at 590. Similarly, Horton was charged with crimes that were committed in 1997, one year prior to the 1998 amendments, and he should be afforded the opportunity to be treated as a first offender.

In light of the Supreme Court's decision in *Fleming*, we vacate Horton's sentence for armed robbery and remand the case with direction that the trial court consider first offender treatment.

*Judgment of conviction affirmed, sentence vacated, and case remanded with direction. Pope, P. J., and Smith, J., concur.*

Decided December 17, 1999.

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Melanie Higgins*, Assistant District Attorney, for appellee.