## A00A0608. RILEY v. THE STATE.
## A00A0609. BARNES v. THE STATE.
### (534 SE2d 437)

ANDREWS, Presiding Judge.

After being charged with two counts of armed robbery, possession of a firearm during the commission of a crime and possession of a sawed-off shotgun, Larry Riley and Michael Barnes pled guilty and were sentenced to fifteen years, with eight to serve, followed by seven years probation. Because the trial court gave Riley and Barnes first offender status under OCGA § 42-8-60, it did not sentence them to serve the ten-year mandatory minimum sentence required by OCGA § 17-10-6.1 (b) for serious violent felonies. As a result, the Department of Corrections refused to pick up Riley and Barnes from the Liberty County jail, contending they were given an illegal sentence because they were not given the mandatory ten-year minimum sentence.

After another hearing, the trial court declared the previous sentence void and resentenced Riley and Barnes to fifteen years, with ten to serve. Both Riley and Barnes appealed this to the Supreme Court of Georgia, claiming that the sentence violated the constitutional prohibition against ex post facto laws. They argue that at the time the crimes were committed there was no prohibition against according them first offender status.

The Supreme Court transferred the case to this Court, stating that jurisdiction was within the Court of Appeals because of its opinion in *Fleming v. State*, 271 Ga. 587 (523 SE2d 315) (1999). In *Fleming*, the Supreme Court agreed with appellants' argument that denying them the opportunity to be treated as first offenders impermissibly altered their situations to their disadvantage and inflicted a greater punishment than was mandated at the time the crimes were committed. Id. at 590.[1]

OCGA § 17-10-6.1 provides that any person convicted of a serious violent felony "shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court. . . ." OCGA § 17-10-6.1 (b).

The legislature amended this subsection and also enacted a new provision in OCGA § 42-8-66, the First Offender Act, to state that a defendant who is convicted of a serious violent felony as defined in

---

[1] It should be noted that when the trial court resentenced Riley and Barnes, it relied on case law that had not yet been reversed by the Supreme Court in this opinion. See *Fleming v. State*, 233 Ga. App. 483 (504 SE2d 542) (1998); *Burleson v. State*, 233 Ga. App. 769 (505 SE2d 515) (1998).

OCGA § 17-10-6.1 (a) is not eligible for first offender treatment under OCGA § 42-8-60. *Fleming,* supra at 588-589. These provisions became effective on March 27, 1998. Id.

Riley and Barnes committed the crimes charged on January 29, 1998. A crime must be construed and punished according to the provisions of the law existing at the time of its commission. *Fleming,* supra at 590. Therefore, the trial court erred in determining that Riley and Barnes were not eligible for first offender status. Accordingly, the above cases are reversed and are remanded to the trial court for consideration under the First Offender Act. Id. See also *Horton v. State,* 241 Ga. App. 605, 606 (527 SE2d 254) (1999).

*Judgments reversed and cases remanded. Ruffin and Ellington, JJ., concur.*

DECIDED APRIL 25, 2000.

*John E. Pirkle,* for appellant (case no. A00A0608).

*Phillips & Kitchings, Joseph C. Kitchings,* for appellant (case no. A00A0609).

*J. Thomas Durden, Jr., District Attorney, Timothy B. Lumpkin, Assistant District Attorney,* for appellee.