A01A1448. HORTON v. THE STATE.
(554 SE2d 812)

RUFFIN, Judge.

DeWayne Horton was convicted of armed robbery and possession of a firearm during the commission of a felony. In *Horton v. State*,[1] we affirmed his convictions, but vacated his sentence and "remand[ed] the case with direction that the trial court consider first offender treatment."[2] On remand, the trial court sentenced Horton to serve ten years for armed robbery.[3] Horton then instituted this appeal. For reasons that follow, we affirm.

1. In his first enumeration of error, Horton argues that the trial court erred in denying his motion to suppress. Horton made this same argument in his prior appeal, and the issue was decided

---

[10] See id.

[11] *Wilcox v. State*, 236 Ga. App. 235, 238-239 (4) (511 SE2d 597) (1999); *Howard v. State*, 233 Ga. App. 724, 730 (7) (505 SE2d 768) (1998).

[12] See id.

[1] 241 Ga. App. 605 (527 SE2d 254) (1999).

[2] Id. at 606 (3).

[3] For possession of a firearm during the commission of a felony, the trial court sentenced Horton to five years, to run consecutively with the ten-year sentence. However, the trial court suspended the five-year sentence.

adversely to him.[4] Relitigation of the issue is barred by res judicata.[5]

2. In his second enumeration of error, Horton challenges the constitutionality of the March 1998 amendment to OCGA § 17-10-6.1, which provides, in pertinent part, that "[n]o person convicted of a serious violent felony [such as armed robbery] shall be sentenced as a first offender." We note, however, that this amendment was not applied to Horton. Indeed, the sole reason this Court vacated Horton's sentence and remanded the case to the trial court was to afford Horton "the opportunity to be treated as a first offender."[6]

It is well settled that a prerequisite to attacking the constitutionality of a statute is a showing that the statute harmed the appellant.[7] Since the allegedly unconstitutional amendment was not applied to Horton, he is unable to meet this prerequisite. It follows that he lacks standing to pursue this constitutional challenge.[8]

3. In his third and final enumeration of error, Horton asserts that the trial court erred in denying him first offender treatment. According to Horton, the trial court's refusal to exercise its discretion was tantamount to cruel and unusual punishment. We disagree.

Initially, we note that Horton's ten-year sentence fell within the statutory limits for the offense of armed robbery.[9] And, when a defendant is sentenced within the statutory limits, a presumption arises "that such sentence does not violate the Eighth Amendment's guarantee against cruel and unusual punishment."[10]

Horton implies that the trial court's refusal to sentence him as a first offender demonstrates a mechanical policy of sentencing, which is inconsistent with its discretion. Indeed, this Court has held that "[a] trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility."[11] That is not to say, however, that a trial court is required to treat a defendant as a first offender. To the contrary, trial courts retain discretion in granting first offender treatment.[12] And we vacate and remand only when a trial court refuses to consider such option.[13] Here, this Court has already vacated and remanded the case for the trial court to consider whether Horton should be given first offender

---

[4] See id. at 605 (1).

[5] See *Parker v. State*, 229 Ga. App. 217, 218 (2) (493 SE2d 558) (1997).

[6] *Horton*, supra at 606 (3).

[7] See *Agan v. State of Ga.*, 272 Ga. 540, 542 (1) (533 SE2d 60) (2000).

[8] See *King v. State*, 273 Ga. 258, 262 (8) (539 SE2d 783) (2000).

[9] See OCGA § 16-8-41 (b).

[10] *Burgos v. State*, 233 Ga. App. 897, 902 (3), n. 2 (505 SE2d 543) (1998).

[11] (Punctuation omitted.) *Jones v. State*, 208 Ga. App. 472, 473 (431 SE2d 136) (1993).

[12] See *Stinnett v. State*, 214 Ga. App. 224 (447 SE2d 165) (1994).

[13] See *Jones*, supra.

treatment. The trial court considered giving Horton first offender status, but concluded it was not appropriate in this case. Thus, the record does not support Horton's contention that the trial court failed to consider first offender treatment. "It merely reflects a decision not to sentence [Horton] under such discretionary sentencing provisions."[14] Accordingly, we affirm.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 10, 2001 — 

*Hilliard & Smith, Martin G. Hilliard,* for appellant.

*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney,* for appellee.

---

[14] *Moore v. State,* 236 Ga. App. 889, 890 (514 SE2d 73) (1999).