A04A2309, A05A0046. ANDREWS v. THE STATE; and vice versa.
(609 SE2d 119)

RUFFIN, Presiding Judge.

Carlotta Andrews and the State filed cross-appeals regarding the validity of the sentence imposed by the trial court after Andrews pleaded guilty to trafficking in cocaine. For reasons that follow, we affirm in part and reverse in part the trial court's judgment in Case No. A04A2309. We also reverse the ruling in Case No. A05A0046.

Andrews entered her guilty plea to trafficking in cocaine on June 22, 2004. Following the plea, the trial court sentenced her to a ten-year probated term under the First Offender Act.[1] The trial court, however, became concerned that the probated sentence was illegal and, on June 25, 2004, held a new sentencing hearing. At that hearing, the parties addressed whether Andrews could be sentenced to probation for trafficking in cocaine, and the State argued that Georgia law prohibited a probated sentence. The trial court agreed, finding that it had no discretion to sentence Andrews to probation. Accordingly, it voided its prior sentence and sentenced Andrews as a first offender to a ten-year prison term.

At the June 25, 2004 hearing, the trial court also granted Andrews' request for an appeal bond. The State subsequently moved to revoke the bond under OCGA § 17-6-1 (g), which provides that "[n]o

---

[8] See id.

[9] See *Bumgarner*, supra.

[10] See *Iero*, supra; *SR Business Svcs. v. Bryant*, 267 Ga. App. 591, 592-593 (600 SE2d 610) (2004).

[1] See OCGA § 42-8-60 et seq.

appeal bond shall be granted to any person who has been convicted of . . . trafficking in cocaine . . . and who has been sentenced to serve a period of incarceration of seven years or more." Noting that the trial court had sentenced Andrews to ten years incarceration, the State argued that her appeal bond was invalid under this Code section. Following a hearing, the trial court again reconsidered Andrews' sentence, ultimately ordering her to serve six years in prison and four years on probation.

In Case No. A04A2309, Andrews argues that the trial court erred in determining that it lacked discretion to probate her entire ten-year sentence under the First Offender Act. The State cross-appeals in Case No. A05A0046, asserting that the trial court erred in reconsidering Andrews' ten-year prison sentence, probating four years of the ten-year term, and affording her first offender treatment. Both appeals involve the same basic question: whether a trial court has discretion to probate any portion of a sentence for trafficking in cocaine under the First Offender Act.

Our analysis focuses primarily on the interplay between OCGA § 16-13-31, which establishes the penalties for trafficking in cocaine, and OCGA § 42-8-60, the provision that authorizes probated first offender sentences. OCGA § 16-13-31 (a) (1) (A) provides for a mandatory minimum ten-year prison term following a conviction for trafficking in cocaine where the amount of cocaine is 28 grams or more, but less than 200 grams.[2] And, under OCGA § 16-13-31 (g) (1), "with respect to any person who is found to have violated this Code section, adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred, or withheld prior to serving the mandatory minimum term of imprisonment."[3] This restriction applies notwithstanding the conditional discharge language in OCGA § 16-13-2 (a).[4]

Thus, OCGA § 16-13-31 (g) (1) forbids a trial court from probating the ten-year minimum sentence imposed for trafficking in cocaine. Moreover, it specifically prohibits a trial court from using the conditional discharge provision in OCGA § 16-13-2 (a), which is a first offender statute geared toward individuals convicted of possessing a controlled substance for the first time. Nevertheless, Andrews argues that the general first offender provision in OCGA § 42-8-60 authorizes a probated sentence in this case.

To support her claim, Andrews relies heavily on our Supreme

---

[2] Andrews has admitted that the quantity of cocaine at issue in this case is 36 grams.

[3] This prohibition has an exception for persons who provide substantial assistance to the State. See OCGA § 16-13-31 (g) (1)-(2). Andrews does not contend that she supplied such assistance or that this exception applies to her.

[4] See OCGA § 16-13-31 (g) (1).

Court's decision in *Fleming v. State*,[5] which addressed first offender treatment for a defendant found guilty of a serious violent felony under OCGA § 17-10-6.1. When the *Fleming* defendant was sentenced, OCGA § 17-10-6.1 (b) mandated that a person convicted of a defined "serious violent felony" be sentenced to a mandatory minimum ten-year prison term and that no part of the sentence be suspended, stayed, probated, deferred, or withheld.[6] Given this statutory language, the trial court determined that it had no discretion to treat the defendant as a first offender or to probate any portion of the ten-year sentence.

The Supreme Court reversed.[7] It noted that, after the *Fleming* defendant's sentencing, the legislature amended OCGA § 17-10-6.1 (b) to explicitly exclude serious violent felons from the first offender statutory scheme, rendering them ineligible for first offender treatment under OCGA § 42-8-60.[8] At the time of the *Fleming* sentencing, however, OCGA § 17-10-6.1 did not contain such language. It merely restricted the sentencing options for a person *convicted* of a serious violent felony. And, under the first offender scheme, a person sentenced as a first offender is not "convicted."[9] Thus, despite the subsequent statutory amendments, nothing in the applicable version of OCGA § 17-10-6.1 prohibited first offender treatment or probation for the *Fleming* defendant.[10]

Andrews similarly argues that no statutory provision prohibits first offender treatment for trafficking in cocaine. She asserts that trafficking is not a serious violent felony under OCGA § 17-10-6.1 or otherwise excluded from the first offender scheme established in OCGA § 42-8-60. She thus claims that, since no statute specifically prevents her from receiving first offender treatment or the benefits of such treatment, she should be eligible for first offender probation.

We disagree. As noted above, OCGA § 16-13-31 (a) (1) (A) imposes a ten-year mandatory minimum prison term for individuals *convicted* of trafficking in cocaine. At first reading, the legislature's use of the term "convicted" arguably supports Andrews' claim that she may be treated as — and have the benefits of — a first offender. However, OCGA § 16-13-31 (g) (1) clearly states that an "adjudication of guilt" cannot be deferred or withheld for persons found to have violated the

---

[5] 271 Ga. 587 (523 SE2d 315) (1999).

[6] See id. at 588.

[7] See id. at 587.

[8] See id. at 588-589. See also OCGA § 42-8-66 (providing that the first offender provisions do not apply to persons convicted of a serious violent felony as defined in OCGA § 17-10-6.1).

[9] See OCGA § 42-8-60 (a); *Fleming*, supra at 588-589.

[10] See id. at 590; *Horton v. State*, 241 Ga. App. 605, 605-606 (3) (527 SE2d 254) (1999) (applying *Fleming*).

cocaine trafficking statute. And first offender treatment under OCGA § 42-8-60 et seq. is, in essence, a method for deferring or withholding an adjudication of guilt.[11] Moreover, OCGA § 16-13-31 (g) (1) specifically excludes persons who violate the cocaine trafficking statute from OCGA § 16-13-2 (a), a first offender provision available to certain first-time drug defendants.[12]

Unlike the situation in *Fleming*, the legislature has expressed its intent that cocaine traffickers serve a ten-year minimum sentence, without the benefit of first offender treatment or probation for that ten-year term. It has determined that an adjudication of guilt cannot be withheld for a defendant who is found guilty of or pleads guilty to cocaine trafficking.[13] Furthermore, the defendant's mandatory minimum prison sentence cannot be probated, and the defendant does not qualify for the drug-oriented first offender treatment in OCGA § 16-13-2 (a).[14] Under these circumstances, Andrews is not eligible for general first offender treatment pursuant to OCGA § 42-8-60 or a probated prison sentence.

Accordingly, in Case No. A04A2309, the trial court properly reconsidered its original ten-year probated sentence and ordered Andrews to serve ten years in prison. But, it erred to the extent it sentenced her as a first offender. The trial court also erred in Case No. A05A0046 when it resentenced Andrews as a first offender to six years in prison and four years on probation. In short, Andrews must be sentenced to a prison term for the entire ten-year mandatory minimum period, and she is not entitled to first offender treatment.

*Judgment affirmed in part and reversed in part in Case No. A04A2309. Judgment reversed in Case No. A05A0046. Eldridge and Adams, JJ., concur.*

DECIDED DECEMBER 28, 2004 — ▮▮▮▮▮▮

*Danny L. Durham, Henry N. Crane III*, for appellant.
*Daniel J. Craig, District Attorney, Madonna M. Little, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

---

[11] See OCGA § 42-8-62 (a) ("Upon fulfillment of the terms of probation, upon release by the court prior to the termination of the period thereof, or upon release from confinement, the [first offender] defendant shall be discharged without court adjudication of guilt.").

[12] See OCGA §§ 16-13-31 (g) (1); 16-13-2 (a).

[13] See OCGA § 16-13-31 (g) (1).

[14] See id.