**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 14, 2015**

# In the Court of Appeals of Georgia

A15A0113. THE STATE v. BARROW.

MILLER, Judge.

Pursuant to a negotiated plea, James Allen Barrow pled guilty to manufacturing methamphetamine (OCGA § 16-13-30 (b)).[1] Over the State's objection, the trial court deferred entry of judgment on Barrow's plea pursuant to the conditional discharge for drug possession statute (OCGA § 16-13-2 (a)) and placed Barrow on probation for five years. The State then filed a motion to vacate or correct Barrow's sentence, which the trial court denied. The State appeals to this Court,[2] contending that Barrow

---

[1] The State nolle prossed one count of methamphetamine trafficking (OCGA § 16-13-31 (f) (1)) and one count of manufacturing methamphetamine in the presence of a child (OCGA § 16-5-73).

[2] The State may appeal the imposition of a void sentence or the denial of its motion to amend a void sentence. See *State v. Jones*, 265 Ga. App. 493, 493-494 (1) (594 SE2d 706) (2004); OCGA § 5-7-1 (a) (6). "A sentence is void if the court

is ineligible for conditional discharge because (1) he pled guilty to manufacturing methamphetamine, and (2) he had previously been convicted of driving under the influence of drugs (OCGA § 40-6-391 (a) (2)). For the reasons that follow, we agree and therefore reverse.

"The interpretation of a statute is a question of law, which is reviewed de novo on appeal." (Citation omitted.) *Jenkins v. State*, 284 Ga. 642, 645 (2) (670 SE2d 425) (2008).

1. Since Barrow pled guilty to manufacturing methamphetamine, the State contends that he is ineligible for conditional discharge under OCGA § 16-13-2 (a), which is only available to defendants who have pled guilty to or been found guilty of drug possession. We agree.

Under OCGA § 16-13-2 (a), the trial court has the discretion to withhold an adjudication of guilt and defer sentencing for drug possession, with the possibility of a complete discharge and dismissal if the defendant successfully completes a probationary period. This statute has been compared to the State's "first offender"

_____

imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

2

statute, OCGA § 42-8-60. See *Andrews v. State*, 276 Ga. App. 428, 430 (1) (623 SE2d 247) (2005).

> In construing a statute, the determining factor is the intent of the legislature and we look first to the words of the statute to determine what that intent was and if those words [are] plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further[.]

(Citation and punctuation omitted.) *Early v. Early*, 269 Ga. 415, 416 (499 SE2d 329) (1998); see also OCGA § 1-3-1.

Thus, to determine whether Barrow is eligible for conditional discharge, we must look to the language of OCGA § 16-13-2 (a),[3] which pertinently provides:

> Whenever any person . . . *pleads guilty to or is found guilty of possession of a narcotic drug, marijuana, or stimulant, depressant, or hallucinogenic drug*, the court may without entering a judgment of guilt and with the consent of such person defer further proceedings and place him on probation upon such reasonable terms and conditions as the court may require[.]

---

[3] Although the State relies on *Andrews v. State*, 271 Ga. App. 162, 163-165 (609 SE2d 119) (2004) to support its position, in that case the Court held that sentencing under the First Offender Act or the conditional discharge statute was specifically prohibited under the former cocaine trafficking statute (OCGA § 16-13-31 (g) (1) (2004)), which is not at issue here.

3

(Emphasis added.) The unambiguous language of OCGA § 16-13-2 (a) limits its application to those criminal defendants who plead guilty to or are convicted of drug possession.[4]

"Possession . . . is defined as the right to exercise power over a corporeal thing." (Citation and punctuation omitted.) *State v. Jackson*, 271 Ga. 5 (515 SE2d 386) (1999). On the other hand, "[m]anufacture means the production, preparation, propagation, compounding, conversion, or processing of a controlled substance[.]" (Punctuation omitted.) OCGA § 16-13-21 (15). By expressly mentioning only possession, the statute implicitly excludes other drug offenses, such as manufacturing. See *Abdulkadir v. State*, 279 Ga. 122, 123 (2) (610 SE2d 50) (2005) ("Georgia law provides that the express mention of one thing in an Act or statute implies the exclusion of all other things." (footnote omitted).

Limiting the application of OCGA § 16-13-2 (a) to drug possession is consistent with the legislative scheme criminalizing and punishing drug offenses. Notably, drug possession is criminalized by OCGA § 16-13-30 (a). In contrast, OCGA § 16-13-30 (b) prohibits manufacturing, delivering, distributing, dispensing,

---

[4] Indeed, at the hearing on the State's motion to vacate Barrow's sentence, Barrow conceded that conditional discharge is only available for possession and not for manufacturing.

administering, selling, and possessing with intent to distribute any controlled substance. Moreover, Georgia law imposes much harsher penalties for these crimes than for mere possession. Compare OCGA § 16-13-30 (c) and (d); see also *Bassett v. Lemacks*, 258 Ga. 367, 370 (2) (370 SE2d 146) (1988).

In denying the State's motion to vacate or correct Barrow's sentence, the trial court found that possession, as used in OCGA § 16-13-2 (a), was intended to be interpreted in the "generic sense," and thus encompassed trafficking and manufacturing charges as well. Specifically, the trial court found that conditional discharge is available to defendants *charged* with drug trafficking or manufacturing, as well as possession. Eligibility under the conditional discharge statute, however, turns on the offense for which a defendant is convicted of or which he pleads guilty to, not on the charges filed against him. OCGA § 16-13-2 (a).

The rules of statutory interpretation, clearly, do not permit us to adopt the trial court's interpretation. "Possession" must be interpreted as referring to the crime of drug possession. See OCGA § 1-3-1 (b) ("In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter, which shall have the signification attached to them by experts in such trade or with reference to such subject matter.").

5

Since OCGA § 16-13-2 (a) unambiguously applies only to defendants who have been found guilty of or pled guilty to drug possession, Barrow is not eligible for conditional discharge under that statute. Accordingly, we reverse and remand this case to the trial court for resentencing.

2. Since we reverse, we need not consider the State's remaining contention that Barrow is ineligible for conditional discharge because he was previously convicted of driving under the influence of drugs (OCGA § 40-6-391 (a) (2)).[5]

*Judgment reversed and remanded. Andrews, P. J., and Branch, J., concur.*

---

[5] Moreover, the State did not properly present this argument for ineligibility to the trial court, but rather raised it for the first time in its Notice of Appeal. We are a court for the correction of errors, and we do not consider issues which were not raised below and ruled on by the trial court. See *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009).