**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 6, 2015**

# In the Court of Appeals of Georgia

A15A2113. RICHARDSON v. THE STATE.

BARNES, Presiding Judge.

This is the second appearance of this case before this Court. In the first appeal, we affirmed Corey D. Richardson's conviction of aggravated child molestation but vacated his sentence and remanded for resentencing. See *Richardson v. State*, 325 Ga. App. XXVI (Feb. 18, 2014) (unpublished). After the trial court resentenced him, Richardson filed a pro se "Motion to Correct an Illegal and/or Void Sentence," which the trial court denied, resulting in the present appeal. Richardson contends that the sentence imposed on remand is illegal and/or void as a matter of law because (1) the trial court failed to consider the provisions of OCGA § 17-10-6.2 that address split-sentences and deviations from the mandatory minimum sentence for sexual offenses; (2) the trial court imposed a sentence that is cruel and unusual under the Eighth Amendment to the United States Constitution; and (3) the trial court was not the

proper venue for the prosecution and lacked jurisdiction in the case. For the reasons discussed below, we affirm.

The record reflects that in September 2008, Richardson was indicted for committing an alleged act of aggravated child molestation between January 1, 2001 and January 31, 2003.[1] In December 2008, Richardson was tried before a jury, convicted, and sentenced for the indicted crime. The trial court imposed a life sentence, requiring Richardson to serve 25 years in prison with the remainder on probation. The life sentence was predicated on OCGA § 16-6-4 (2006) (Ga. L. 2006, p. 379, §11),[2] the version of the aggravated child molestation statute in effect when Richardson was sentenced.

Richardson appealed his conviction and sentence on several grounds, including that the trial court had sentenced him under the wrong version of the aggravated child

---

[1] Richardson was indicted on two additional counts of aggravated child molestation but was acquitted on those charges.

[2] OCGA § 16-6-4 (d) (1) (2006) provided in relevant part:
[A] person convicted of the offense of aggravated child molestation shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life, and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 [punishment for a "serious violent felony"] and 17-10-7 [recidivists].

molestation statute. In an unpublished opinion, this Court affirmed Richardson's conviction, but vacated his sentence and remanded for resentencing under OCGA § 16-6-4 (d) (1) (2005) (Ga. L. 1997, p.1578, § 1),[3] the version of the statute in effect when the crime was committed. See *Richardson*, 325 Ga. App. XXVI.

On remand, the trial court resentenced Richardson to 20 years in prison. Proceeding pro se, Richardson thereafter filed his "Motion to Correct an Illegal and/or Void Sentence." The trial court denied Richardson's motion, and this appeal followed.

> The General Assembly has established a specific time frame during which a trial court has jurisdiction to freely modify a criminal sentence. Pursuant to OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. Once this statutory period expires, a trial court may only modify a void sentence.

---

[3] OCGA § 16-6-4 (d) (1) (2005) provided in relevant part:
A person convicted of aggravated child molestation shall be punished by imprisonment for not less than ten nor more than 30 years. Any person convicted under this Code section of the offense of aggravated child molestation shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7.

3

*Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010). See OCGA § 17-10-1 (f);[4] *Mack v. State*, 323 Ga. App. 821, 822 (748 SE2d 299) (2013).

Richardson filed his motion to correct his sentence within one year of being resentenced, and, therefore, his motion was filed within the statutory period prescribed by OCGA § 17-10-1 (f). Whether to grant a motion to correct a sentence under OCGA § 17-10-1 (f) lies within the discretion of the trial court. *Davis v. State*, 291 Ga. App. 252, 253 (661 SE2d 872) (2008). So long as the sentence imposed by the court falls within the parameters prescribed by law, we will not disturb it. See *Jackson v. State*, 238 Ga. App. 559, 560 (2) (520 SE2d 11) (1999); *Holland v. State*, 232 Ga. App. 284, 285 (2) (501 SE2d 829) (1998). Mindful of these principles, we turn to Richardson's specific allegations of error.

1. In two related enumerations of error, Richardson contends that his 20-year sentence is illegal and void because the trial court failed to take into account the punishment provisions for sexual offenses imposed by OCGA § 17-10-6.2 when

---

[4] OCGA § 17-10-1 (f) provides in relevant part:
Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.

resentencing him on remand. According to Richardson, the trial court should have probated a portion of his sentence in accordance with OCGA § 17-10-6.2 (b)[5] and should have exercised its discretion to deviate from the mandatory minimum sentence pursuant to OCGA § 17-10-6.2 (c).[6] Pretermitting whether aggravated child molestation is a sexual offense to which the punishment provisions of OCGA § 17-10-6.2 apply,[7] we conclude that the trial court did not err in its resentencing of Richardson under the circumstances here.

---

[5] OCGA § 17-10-6.2 (b) provides in relevant part:
Except as provided in subsection (c) of this Code section, and notwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year. . . .

[6] OCGA § 17-10-6.2 (c) (1) provides:
In the court's discretion, the court may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section, or any portion thereof, when the prosecuting attorney and the defendant have agreed to a sentence that is below such mandatory minimum or provided that [six additional statutory criteria are met].

[7] See OCGA § 17-10-6.2 (a) (defining "sexual offense").

"A crime must be construed and punished according to the provisions of the law existing at the time of its commission." (Citation omitted.) *Riley v. State*, 243 Ga. App. 697, 698 (534 SE2d 437) (2000). See *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006). OCGA § 17-10-6.2 was first enacted in 2006 as part of the same legislation in which the General Assembly modified the punishment provisions related to aggravated child molestation and other sexual crimes. See Ga. L. 2006, p. 379, § 21. Because OCGA § 17-10-6.2 was not in effect when Richardson committed the charged crime, the trial court committed no error in failing to apply its provisions when resentencing Richardson. See *Widner*, 280 Ga. at 677 (2); *Riley*, 243 Ga. App. at 698.

2. Richardson also contends that his 20-year sentence for aggravated child molestation is illegal and void because it violates the Eighth Amendment prohibition against cruel and unusual punishment. Relying upon the United States Supreme Court's decisions in *Roper v. Simmons*, 543 U.S. 551 (125 SCt. 1183, 161 LE2d 1) (2005); *Graham v. Florida*, 560 U.S. 48 (130 SCt. 2011, 176 LE2d 825) (2010); and *Miller v. Alabama*, __ U.S. __ (132 SCt. 2455, 183 LE2d 407) (2012), Richardson contends that his sentence was cruel and unusual because he was a juvenile when he committed the charged offense. We disagree.

In *Roper*, the Supreme Court held that the Eighth Amendment prohibits capital punishment for juvenile offenders. 543 U.S. at 568 (III) (B). In *Graham*, the Supreme Court held that a sentence of life without the possibility of parole violates the Eighth Amendment when imposed on juvenile offenders who did not commit homicide. 560 U.S. at 82 (III) (D). In *Miller*, the Supreme Court extended its ruling in *Graham* and held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 132 SCt. at 2469 (II). The Supreme Court in *Miller* reasoned that "children are constitutionally different from adults for purposes of sentencing. Because juveniles have diminished culpability and greater prospects for reform . . . they are less deserving of the *most severe punishments*." (Citation and punctuation omitted; emphasis supplied.) Id. at 2464 (II).

The sentence imposed upon Richardson on remand is distinguishable from the sentences imposed in *Roper*, *Graham*, and *Miller*. In those cases, the Supreme Court was concerned with the imposition upon juvenile offenders of the "most severe punishments" available under the law, namely, the death penalty and life imprisonment without the possibility of parole. Richardson, however, was not subject to one of the "most severe punishments" allowed by law, but rather to a sentence of a definite term of years. Richardson's constitutional challenge to his sentence

7

predicated on *Roper*, *Graham*, and *Miller* thus is misplaced. See *Adams v. State*, 288 Ga. 695, 701 (4) (707 SE2d 359) (2011); *In the Interest of T. D. J.*, 325 Ga. App. 786, 789 (2) (a) (755 SE2d 29) (2014); *Middleton v. State*, 313 Ga. App. 193, 194-195 (721 SE2d 111) (2011).

3. Lastly, Richardson contends that "venue was not proven beyond a reasonable doubt" and that the trial court "did not have personal or subject matter jurisdiction in this case." But the authority granted to a trial court to correct a sentence pursuant to OCGA § 17-10-1 (f) "does not, on its face, include the power to vacate the conviction on which the sentence is based." *Ellison v. State*, 283 Ga. 461 (660 SE2d 373) (2008). And a challenge to venue and to the trial court's jurisdiction to hear the case is a challenge to the defendant's underlying conviction rather than to the defendant's sentence. See *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009) (defendant's claim that trial court "lacked jurisdiction to hear his case" was challenge to his conviction rather than his sentence); *Spargo v. State*, 332 Ga. App. 410, 411, n. 2 (773 SE2d 35) (2015) (noting that "[a] motion to vacate void judgment on the basis that the judgment was imposed by a court that was not the proper venue for the prosecution was a challenge to the defendant's conviction, not his sentence") (citation omitted); *Matherlee v. State*, 303 Ga. App. 765, 766, n. 3 (694 SE2d 665) (2010) (defendant's

8

claim that trial court's judgment was void for lack of subject matter jurisdiction was challenge to conviction rather than sentence). Consequently, Richardson's motion to correct his sentence was not the proper procedural vehicle for asserting his claims regarding venue and jurisdiction.[8]

*Judgment affirmed. Ray and McMillian, JJ., concur.*

---

[8] "[A] claim that a conviction was unlawful must be asserted by a motion for new trial, direct appeal from the judgment of conviction, extraordinary motion for new trial, motion in arrest of judgment, or petition for the writ of habeas corpus." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).