# Court of Appeals
# of the State of Georgia

ATLANTA,＿＿May 06, 2016＿＿＿＿＿

*The Court of Appeals hereby passes the following order:*

## A16A1376. OTHA DAVID RUTLEDGE, JR. v. THE STATE

In 2007, Otha David Rutledge, Jr. pled guilty to possession of cocaine. He was sentenced as a recidivist to 30 years imprisonment.[1] In December 2015, Rutledge filed an "Extraordinary Motion for Reduction or Modification of Sentence," which the trial court denied. Rutledge then filed this appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. Id. A sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In his motion, Rutledge asserts that the statute he was sentenced under was later amended, and would reduce his sentence. Thus, he contends that his sentence should be reduced. However, when a sentence is within the statutory range of punishment when imposed, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Rutledge's sentence as a recidivist, to 30 years imprisonment for possession of cocaine was within the statutory range. See OCGA § 16-13-30 (d);

---

[1] Rutledge's sentence was to run concurrent with a prior life sentence for possession with intent.

*Fleming v. State,* 271 Ga. 587, 590 (523 SE2d 315) (1999) ("in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission"). Accordingly, Rutledge's motion did not raise a colorable void-sentence argument, the trial court had no power to grant the motion, and Rutledge is not entitled to appellate review of the order denying it. See id. This appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 05/06/2016
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*