# Court of Appeals
# of the State of Georgia

ATLANTA,  September 20, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0144.  MICHAEL BUCHANAN v. THE STATE.**

Charged by indictment with committing various sexual offenses against a young girl in July 2003, Michael Buchanan thereafter pleaded guilty to one count of rape, one count of kidnapping with bodily injury, one count of aggravated child molestation, two counts of aggravated sexual battery, and two counts of burglary. The trial court sentenced Buchanan to concurrent life terms on the rape and kidnapping with bodily injury counts, and to a consecutive 20-year term on the remaining counts.  It does not appear that Buchanan filed a direct appeal of his conviction.  In 2017, Buchanan filed two motions: (1) a motion to set aside judgment, claiming that his indictment was void because it was not returned in open court; and (2) a motion to correct a void sentence, claiming that his sentence on his counts of aggravated sexual battery was void because it did not include a term of probation, as required by OCGA § 17-10-6.2 (b).  The trial court denied both motions in an order entered on April 9, 2018, and Buchanan filed this appeal on May 14, 2018.  We lack jurisdiction for two reasons.

First, Buchanan's appeal is untimely.  A notice of appeal must be filed within 30 days after entry of an appealable order.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Here, Buchanan's notice of appeal was filed 35 days after the entry of the trial court's order.

Second, Buchanan is not entitled to a direct appeal of the trial court's order. Regarding his motion to correct a void sentence, an appeal may lie from an order denying a motion to correct or vacate a void sentence if the defendant raises a

colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Buchanan has failed to raise a colorable claim that his sentence is void and, as OCGA § 17-10-6.2 was first enacted in 2006, it has no bearing on his sentence. See *Richardson v. State*, 334 Ga. App. 344, 347 (1) (779 SE2d 406) (2015) ("Because OCGA § 17-10-6.2 was not in effect when [the defendant] committed the charged crime[s], the trial court committed no error in failing to apply its provisions[.]"); see also *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982) (this Court applies the sentencing law in effect at the time the crime was committed). Regarding Buchanan's motion to set aside judgment, a motion seeking to set aside or vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); see also *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__09/20/2018_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*