**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 3, 2019**

# In the Court of Appeals of Georgia

A19A1875. THE STATE v. RODRIGUEZ.

MCMILLIAN, Presiding Judge.

The State appeals from the trial court's order compelling the State to comply with the terms of a pre-trial diversion agreement ("Agreement"), which had been offered by the State and accepted by the defendant. As more fully set forth below, we now dismiss the State's appeal as unauthorized.

The record shows that defendant Ashley Rodriguez was indicted on multiple charges, including aggravated assault, aggravated cruelty to animals, criminal damage to property in the second degree, and aggravated stalking after Rodriguez shot and killed her neighbor's dog. Rodriguez's counsel and the assistant district attorney assigned to the case entered into plea negotiations, and defense counsel suggested that Rodriguez be allowed to enter the State's Pretrial Diversion Program. The

assistant district attorney initially indicated she would have to obtain approval from her superiors, but after further negotiations in which it was agreed that Rodriguez would pay $900 restitution for the dog she killed, the State offered to let Rodriguez enter the program. Rodriguez accepted, and the district assistant attorney emailed defense counsel the Agreement setting out the terms but instructed Rodriguez not to sign it until the next time they appeared in court.

The assistant district attorney's superiors later balked at the terms of the Agreement, which did not require Rodriguez to serve any jail time. About a week before the scheduled court date, the assistant district attorney sent defense counsel an email notifying her that her superiors were instructing her to seek jail time for Rodriguez and that the State was withdrawing its offer. Rodriguez filed a motion to compel the State to comply with the terms of the plea agreement and following a hearing, the trial court granted the motion. The State then filed this appeal.

The preliminary question that we must address is whether the State has the right to bring this appeal. Unlike other parties in a case, "[t]he State is permitted to take appeals in criminal cases only to the extent expressly authorized by statute." *State v. Andrade*, 298 Ga. 464, 464 (782 SE2d 665) (2016). *State v. Cash*, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015) ("the State may not appeal *any* issue in a criminal

case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5-7-1.") (citation and punctuation omitted). So we must turn to the State's purported bases for bringing this appeal.

The State's notice of appeal cites to both OCGA § 5-7-1 (a) (1) and (a) (6) as authority to appeal the trial court's order.[1] OCGA § 5-7-1 (a) (1) gives the State the right to appeal "[f]rom an order, decision, or judgment setting aside or dismissing any indictment. . . ." But subsection (a) (1) does not apply here since the trial court's order did not dismiss the indictment; it enforced the pretrial diversion agreement, which conditioned the dismissal of the charges on Rodriguez's compliance with the terms of the Agreement.

The State also asserts that "[a]s a party in this criminal case, the State of Georgia has the right . . . to appeal this order pursuant to OCGA § 5-7-1 (a) (6)." OCGA § 5-7-1 (a) (6) provides that the State may appeal "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this State. . . ." However, the State does explain why it believes that the trial court did not have authority to rule on the

---

[1] In its statement of jurisdiction, a required part of the appellant's brief, the State cites only OCGA § 5-7-1 (a) (6) as the authority for the State's appeal. See Court of Appeals Rule 25 (a) (2).

3

motion or why the trial court's order is otherwise void, nor do we find any basis for lack of jurisdiction or a void order. It is well established that the trial court has jurisdiction to enforce plea agreements. See *State v. Lewis*, 298 Ga. 126, 133-34 (4) (779 SE2d 643) (2015) (a trial court is authorized to set aside a plea bargain and "it remains the primary duty of the trial court to ensure not only that the terms of the plea bargain are understood by the defendant[,] but that they are adhered to by both sides, as well as by the court itself.") (citations and punctuation omitted); *Syms v. State*, 331 Ga. App. 225, 228 (770 SE2d 305) (2015) (reversing the trial court's denial of a motion to enforce a plea agreement).

As to whether the order was void, "[a] sentence is void if the court imposes punishment that the law does not allow." *Crumbly v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). This Court has consistently construed OCGA § 5-7-1 (a) (6) and its predecessor to confer jurisdiction when the State appealed an order meeting this standard. See *State v. Barrow*, 332 Ga. App. 353, 353, n.2 (772 SE2d 802) (2015); *State v. Jones*, 265 Ga. App 493, 493, n.1 (594 SE2d 706) (2004); *State v. Baldwin*, 167 Ga. App. 737, 738 (1) (307 SE2d 679) (1983); *State v. Stuckey*, 145 Ga. App. 434, 434 (243 SE2d 627) (1977). As the State does not assert that the order

compelling compliance with the agreement imposes a sentence that the law does not allow, the order is not void under OCGA § 5-7-1 (a) (6).

Because the State's appeal is not authorized by OCGA § 5-7-1 (a) (6) or OCGA § 5-7-1 (a) (1), we lack jurisdiction. Accordingly, this appeal is dismissed.

*Appeal dismissed. McFadden, C. J., and Senior Appellate Judge Herbert E. Phipps concur*.