### 33405. COX v. THE STATE.

UNDERCOFLER, Presiding Justice.

In June, 1975, Gilbert Wilson Cox's license was revoked under the habitual violator sections of the Driver's Licensing Act, Code Ann. Ch. 68B-3 (Ga. L. 1975, p. 1008 et seq.). Code Ann. § 68B-308 (a) and (b). In February, 1977, he was arrested while driving under the influence, and was also charged with operating a motor vehicle after his license had been revoked for being an habitual offender under Code Ann. § 68B-308 (c). He pleaded not guilty to the latter, but was convicted by a jury. The trial court then sentenced him to one year in prison according to the mandate of the statute under which he was charged. Cox contended unsuccessfully in the trial court, and reasserts his claim here on appeal, that the mandatory prison sentence provided in the statute constitutes cruel and unusual punishment in violation of his Eighth Amendment rights. We do not agree. We affirm.

Code Ann. § 68B-308 (c) provides in pertinent part: "Any person declared to be an habitual violator and whose driver's license has been revoked under the provisions of this section, who is thereafter convicted of operating a motor vehicle, while his license is so revoked, shall, upon such conviction, be *punished by confinement in the penitentiary not less than one, nor more than five, years, and no portion of the sentence may be suspended, rebated or probated."* (Emphasis supplied.) It is the emphasized language in the statute, which he claims makes the statute unconstitutional. Cox argues that for all other crimes, the trial court may, in its discretion, probate, suspend, or rebate the sentence. Therefore, to forbid the trial court to exercise its discretion for this violation

constitutes cruel and unusual punishment.[1] This is incorrect. See, e.g., Code Ann. § 27-2511; *State v. Stuckey,* 145 Ga. App. 434 (1978).

The United States Supreme Court in Coker v. Georgia, 433 U. S. 584, 592 (97 SC 2861, 2865) (1977), said, ". . . the Eighth Amendment bars not only those punishments that are 'barbaric' but also those that are 'excessive' in relation to the crime committed. Under Gregg a punishment is 'excessive' and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. A punishment might fail the test on either ground." We find that a mandatory one to five year sentence for driving a motor vehicle after one's license has been revoked for being an habitual violator is neither "barbaric" nor "excessive" under these standards.[2]

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED MARCH 17, 1978 — DECIDED APRIL 4, 1978.

*Richard E. Reiter, Jr.,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.

---

[1] Insofar as his claim sounds in equal protection, we do not find any violation. All habitual violators are treated equally and the statutes so providing are not arbitrary, unreasonable or without rational basis. *State of Ga. v. Callaway,* 236 Ga. 613 (225 SE2d 230) (1976).

[2] In United States v. Thevis, 526 F2d 989, 991 (5th Cir. 1976), the Court of Appeals held that the court "must confine its inquiry to whether conditions of confinement 'shock the conscience,' are greatly disproportionate to the offense, or offend evolving notions of decency."