S97A0556. CAMPBELL v. THE STATE.
S97A0557. JONES v. THE STATE.
(485 SE2d 185)

THOMPSON, Justice.

Robert Campbell and Willie Frank Jones, Jr., were jointly charged in a multi-count indictment with two counts of armed robbery, two counts of aggravated assault, and two counts of possession of a firearm during the commission of a crime, in connection with the armed robbery of a convenience store. Both pled guilty to one count of armed robbery. Prior to sentencing, the defendants filed constitutional challenges to OCGA § 17-10-6.1 (b) of the Sentence Reform Act

of 1994 (Ga. L. 1994, p. 1959), which imposes mandatory minimum sentences for persons convicted of certain serious violent felonies. Their motions were denied and each defendant was sentenced under OCGA § 17-10-6.1 (b) to a mandatory minimum of ten years in prison.[1] On appeal, they enumerate as error the trial court's ruling upholding the constitutionality of OCGA § 17-10-6.1 (b), and they seek remand to the trial court for re-sentencing. We affirm.

1. While conceding that the mandatory nature of the penalty does not per se render the punishment cruel and unusual, defendants assert that OCGA § 17-10-6.1 (b), as applied to them, deprives the sentencing court from exercising individualized discretion, and violates the proscription against cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and Art. I, Sec. I, Par. XVII of the Georgia Constitution.

Punishment is unconstitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Cox v. State*, 241 Ga. 154, 155 (244 SE2d 1) (1978). And, "[a] sentence which is not otherwise cruel and unusual does not become so simply because it is 'mandatory.'" *Ortiz v. State*, 266 Ga. 752, 753 (2) (470 SE2d 874) (1996). The statute does not impose unconstitutionally excessive punishment, and the fact that defendants were 18 years old at the time of sentencing and may have been first offenders does not render the statute unconstitutional as applied to them.

2. Defendants assert that OCGA § 17-10-6.1 (b) violates the separation of powers doctrine of Art. I, Sec. II, Par. III of the Georgia Constitution. Although a separation of powers challenge was not asserted in the trial court, in the interest of judicial economy we exercise our discretion to decide the question. See *Paras v. State*, 247 Ga. 75 (1) (274 SE2d 451) (1981).

> Traditionally, it is the task of the legislature, not the courts, to define crimes and set the range of sentences. [Cits.] The legislature's choice of sentence is insulated from judicial review unless it is wholly irrational or so grossly disproportionate to the severity of the crime that it constitutes cruel and unusual punishment.

---

[1] OCGA § 17-10-6.1 (a) specifies as "serious violent felon[ies]," the offenses of murder or felony murder, armed robbery, kidnapping, rape, aggravated child molestation, aggravated sodomy, and aggravated sexual battery. Subsection (b) mandates that the sentence be served in its entirety and that no portion be suspended, reduced by parole or other sentence-reducing measures, or commuted by the State Board of Pardons and Paroles.

*Isom v. State*, 261 Ga. 596, 597 (1) (408 SE2d 701) (1991). See also *Knight v. State*, 243 Ga. 770 (1) (257 SE2d 182) (1979). Having determined that the mandatory sentencing provisions of OCGA § 17-10-6.1 (b) do not constitute cruel and unusual punishment, we hold that the legislature acted within constitutional bounds in establishing maximum and minimum punishment and eliminating judicial discretion in sentencing certain serious violent offenders.

3. Nor were defendants deprived of due process of law because the statutory constraints upon the court's discretion denied them meaningful allocution. This Court has long recognized that there is no right under either the State or federal constitutions to allocution upon the entry of a guilty plea, *Barksdale v. Ricketts*, 233 Ga. 60, 61 (209 SE2d 631) (1974), and that due process does not require individualized sentencing in non-capital cases.

4. Finally, defendants assert that the statute violates the Equal Protection Clauses of the United States and Georgia Constitutions.

> Where a criminal statute does not discriminate on racial grounds or against a suspect class, equal protection and due process concerns are satisfied if the statute bears a "reasonable relation to a proper legislative purpose" and is "neither arbitrary nor discriminatory." [Cits.]

*Fleming v. Zant*, 259 Ga. 687, 688 (1) (386 SE2d 339) (1989).

The mandatory sentence legislation of the Sentence Reform Act was introduced to make truth in sentencing a reality, by ensuring that upon the conviction for a serious violent felony, the offender will serve the full sentence ordered by the court. Ga. L. 1994, p. 1959. See also 11 Ga. St. U. Law Rev. 159 (1994). The Act became effective on January 1, 1995, after ratification by the voters of Georgia at the 1994 November general election of an amendment to Art. IV, Sec. II, Par. II of the Georgia Constitution. This amendment authorized the General Assembly to provide for mandatory minimum sentences and to impose restrictions on the authority of the State Board of Pardons and Paroles to grant paroles. Ga. L. 1994, p. 1959, § 18. The legislation bears a reasonable relationship to the legitimate legislative concern of deterring crime and ensuring that a court imposed sentence will be served in its entirety.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1997.

*Dodd & Dennis, Sam D. Dennis, James W. Hall, Jr., Christopher J. McFadden,* for appellants.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.