## A00A0223. THE STATE v. EASTWOOD.
### (535 SE2d 246)

ANDREWS, Presiding Judge.

Cherlyn Eastwood pled guilty and was sentenced on October 28, 1998, on two counts of committing sodomy in violation of OCGA § 16-6-2. After Eastwood moved for reconsideration of the sentences on November 25, 1998, the trial court granted the motion, vacated the sodomy sentences, and declared the sodomy convictions void in light of the Supreme Court of Georgia's November 23, 1998 decision in *Powell v. State*, 270 Ga. 327 (510 SE2d 18) (1998), which struck down OCGA § 16-6-2 as unconstitutional insofar as it applied to private, unforced, noncommercial acts of sodomy between consenting persons.

The State appealed the trial court's order to the Supreme Court claiming that the trial court erred in ruling that the sodomy convictions were unconstitutional and void under *Powell v. State*. Upon receiving the appeal, the Supreme Court entered the following order:

> As this Court previously decided the question on appeal regarding the constitutionality of OCGA § 16-6-2, this appeal is hereby transferred to the Court of Appeals for the application of previously adopted constitutional standards. See *Powell v. State*, 270 Ga. 327 (1998); see also *Zepp v. Mayor & City Council of the City of Athens*, 255 Ga. 449 (1986).

We consider the State's appeal pursuant to this order.

The facts which supported Eastwood's guilty plea to violating OCGA § 16-6-2 show that Eastwood, a high school teacher, engaged in numerous acts of consensual sodomy with a student attending the school where Eastwood taught. The acts occurred in private between February 1, 1994, when the student was 15 years old, and April 28, 1995, when the student was 17 years old. During this period of time, the law of this State provided that a child under the age of 14 years could not legally consent to these sexual acts.[1] *Luke v. State*, 222 Ga. App. 203, 205-206 (474 SE2d 49) (1996), overruled on other grounds, *Brewer v. State*, 271 Ga. 605, 607 (523 SE2d 18) (1999). There were no facts showing that the acts were committed with force or against the will of the student. To the contrary, the convictions at issue were based on facts showing that Eastwood engaged in consensual, unforced, private, and noncommercial acts of sodomy with a person legally capable of giving consent.

In *Powell v. State*, 270 Ga. 327, the Supreme Court held:

> that OCGA § 16-6-2, insofar as it criminalizes the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent, manifestly infringes upon a constitutional provision which guarantees to the citizens of Georgia the right of privacy.

(Citation and punctuation omitted.) Id. at 336. Nevertheless, the State contends that in *Powell v. State*, the Supreme Court did not intend to decriminalize under OCGA § 16-6-2 the acts of sodomy committed in this case by a school teacher with one of her students. In support of this contention, the State makes three arguments. First, the State contends that a student enrolled in a school cannot legally consent to acts of sexual intimacy with the student's school teacher. Second, the State claims that, by accepting employment with the State as a public school teacher, Eastwood waived her right to privacy in acts of sodomy committed with her student at her home. Third, the State argues that any right to privacy in these acts claimed by Eastwood is outweighed by a compelling State interest to protect students enrolled in schools from predatory sexual behavior by a teacher at the school.

Despite the State's contentions, nothing in *Powell v. State*, 270 Ga. 327, could be construed to create an exception whereby the acts of sodomy Eastwood engaged in with her student would remain criminal under OCGA § 16-6-2. The Supreme Court clearly held that the right to privacy guaranteed to citizens by the Georgia Constitution

---

[1] Effective July 1, 1995, the applicable statutes were amended to change the legal age of consent to 16 years. *Luke v. State*, 222 Ga. App. 203, 206, n. 2 (474 SE2d 49) (1996).

was impermissibly infringed upon by the State's enactment of OCGA § 16-6-2, to the extent OCGA § 16-6-2 broadly criminalized private, unforced, noncommercial acts of sodomy between consenting persons legally able to give such consent. Id. at 332-336.

This is not to say, however, that the State cannot enact a criminal statute prohibiting the acts Eastwood engaged in with her student. Where the State demonstrates a compelling interest in prohibiting certain types of sexual conduct, it may impose limitations on the right to privacy by enacting criminal statutes narrowly tailored to prohibit such conduct. *Powell v. State*, 270 Ga. at 333; *Howard v. State*, 272 Ga. 242 (527 SE2d 194) (2000).

In *Powell v. State*, the Supreme Court cited examples of such criminal statutes, including OCGA § 16-6-5.1, which imposes criminal penalties on a person who has sexual contact with a student enrolled in a school when that person has supervisory or disciplinary authority over the student. Id. at 333; *Randolph v. State*, 269 Ga. 147 (496 SE2d 258) (1998). Accordingly, OCGA § 16-6-5.1 addresses the State's concern that Eastwood not be insulated from criminal liability by privacy guarantees and was enacted to impose criminal penalties on a teacher for the type of sexual conduct engaged in by Eastwood with her student. In fact, as the State concedes, Eastwood also pled guilty to violating OCGA § 16-6-5.1 and remained subject to the sentence she received pursuant to that criminal statute.

Applying the constitutional standards adopted by the Supreme Court in *Powell v. State*, 270 Ga. 327, we find that the trial court did not err by voiding Eastwood's conviction and sentence on two counts of sodomy under OCGA § 16-6-2.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 4, 2000.

*Roger G. Queen, District Attorney,* for appellant.
*James C. Hill,* for appellee.