S06A0443, S06A1547. WIDNER v. THE STATE (two cases).

(631 SE2d 675)

MELTON, Justice.

Viewed in the light most favorable to the verdict, the record shows that, on December 29, 2002, Joshua Ray Widner, who was eighteen years old at the time, admittedly engaged in acts of oral sex and sexual intercourse with a fourteen-year-old girl. Based on this conduct, Widner was convicted of two counts of aggravated child molestation and one count of statutory rape. Widner now appeals, contending, among other things, that his mandatory sentence of ten years without the possibility of parole for aggravated child molestation based on an act of sodomy constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and the comparable Georgia constitutional provision, Art. I, Sec. I, Par. XVII.[1] For the reasons set forth below, we affirm.

---

[1] Widner does not challenge his conviction for statutory rape.

1. Widner contends that his mandatory sentence for aggravated child molestation of ten years without parole pursuant to OCGA § 16-6-4 (d) (1) and OCGA § 17-10-6.1 constitutes cruel and unusual punishment as applied to him. In essence, Widner contends that his crime should be given special treatment and excepted from the mandated punishment because he was eighteen at the time of the act and the victim was only four years younger. The law at the time of the commission of the crime, however, provides no such exception, and, because the required punishment does not unconstitutionally shock the conscience, Widner's sentence must stand.

Punishment for a crime will be deemed to be unconstitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Cox v. State*, 241 Ga. 154, 155 (244 SE2d 1) (1978). "[A] sentence which is not otherwise cruel and unusual does not become so simply because it is 'mandatory.' [Cit.]" *Ortiz v. State*, 266 Ga. 752, 753 (2) (470 SE2d 874) (1996). "Legislative enactments constitute the clearest and most objective evidence of how contemporary society views a particular punishment. [Cit.] As a result, the issue of punishment is generally one for the legislative branch, and legislative discretion is deferred to unless the sentence imposed shocks the conscience. [Cit.]" *Johnson v. State*, 276 Ga. 57, 62 (5) (573 SE2d 362) (2002).

The facts of this case show that Widner, a legal adult, pursued the victim and got her to agree to have sex with him and another male friend at the same time, despite the fact that the victim's parents previously told him that she was only 14 years old. Based on these facts and applying the requisite deference to the legislative branch's authority to impose punishment based on the mores of society at the time of the crime, Widner's sentence was appropriate under OCGA § 16-6-4 (d) (1) and was not so disproportionate as to shock the conscience.

Widner further argues that his sentence is unconstitutional because child molestation involving an act of sodomy receives greater punishment than child molestation involving intercourse. We have previously rejected this argument in *Odett v. State*, 273 Ga. 353 (2) (541 SE2d 29) (2001), "[b]ecause the General Assembly could reasonably conclude that the psychological well-being of minors is more damaged by acts of sodomy than by acts of intercourse." Id. at 355. Widner also contends that, based on our decision in *Powell v. State*, 270 Ga. 327 (510 SE2d 18) (1998), his sentence of ten years violates his constitutional right of privacy. "*Powell*[, however,] did not hold that the right to privacy protects sodomy generally. See *Howard v. State*, 272 Ga. 242, 243 (1) (527 SE2d 194) (2000). [Widner's] sexual

conduct with a minor is not protected by any privacy right. *Phagan v. State*, 268 Ga. 272, 273 (1) (486 SE2d 876) (1997)." *Odett*, supra, 273 Ga. at 354 (2).

2. We note that, effective July 1, 2006, the General Assembly has revised OCGA § 16-6-4. Pursuant to this revision, a person convicted of aggravated child molestation based upon an act of sodomy will be guilty of a misdemeanor, not a felony, when: (1) the victim is at least 13 but less than 16 years of age and (2) the convicted person is 18 years of age or younger and no more than four years older than the victim. Because this revision did not become effective until after Widner was sentenced, however, it cannot be applied to his case. "[I]t has long been the law in this State that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission." *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999).

> [M]aking [a] lesser penalty applicable to offenses committed prior to the enactment of the legislation [creating the lesser penalty] is contrary to the judicial interpretation of the [laws] of this State under which the penalty for a criminal offense relates only to those offenses committed when and after such legislation becomes effective.

*Barton v. State*, 81 Ga. App. 810, 814 (3) (60 SE2d 173) (1950).

3. Widner contends the trial court erred by giving improper instructions to the jury after deliberations had begun which coerced an otherwise hung jury into reaching a unanimous verdict. The record shows that, after being informed by the jury foreman that it could not reach a unanimous verdict on the aggravated child molestation counts of the indictment, the trial court instructed the jury that, if they could not reach a verdict, it "would have to declare a mistrial on those two counts and it would probably have to be retried . . . before another jury." The trial court further stated that "this jury is well qualified to resolve [the case] as another jury would later down the road."

Widner contends that these instructions violate our holding in *Burchette v. State*, 278 Ga. 1 (596 SE2d 162) (2004). In *Burchette*, we considered the following portion of the pattern *Allen* charge: "[This] case must be decided by some jury selected in the same manner this jury was selected and there is no reason to think a jury better qualified than you would ever be chosen." We concluded that this portion of the charge was inaccurate and "should no longer be given by trial courts." Id. The trial in the present case, however, occurred prior to the date of our opinion in *Burchette*, which is prospective in its application, and therefore does not control here. The question

remains, however, "whether the instruction [given in this case] is so coercive as to cause a juror to 'abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors.' " *Mayfield v. State*, 276 Ga. 324, 331 (2) (b) (578 SE2d 438) (2003). The instruction given here is somewhat similar to, but less coercive in nature than, the one given and approved of in *Hyde v. State*, 196 Ga. 475 (8) (26 SE2d 744) (1943). There, as here, "the judge . . . , though firm in admonishing the importance of juries making verdicts, was careful not to intimate or express any opinion as to the propriety of any particular verdict, nor did he make any suggestion tending to coerce any particular group of jurors to agree with the others." Id. at 492. Accordingly, the instruction given in this case does not provide grounds for reversal.

4. Finally, Widner contends that the visiting judge who presided over his case had not been properly designated to do so pursuant to OCGA § 15-1-9.1 (b) (1),[2] which allows a superior court to request such assistance. The designation, however, was issued in conformity with Uniform Superior Court Rule 18.2 and clearly indicates that the assistance of a visiting judge was required to handle the court's trial calendar for the week of September 8, 2003. Therefore, the visiting judge properly presided over Widner's case by designation.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 26, 2006.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.

---

[2] Subsection (f) of this Code section provides: "The written designation shall identify the court in need of assistance, the county where located, the time period covered, the specified case or cases for which assistance is sought if applicable, and the reason that assistance is needed."