A08A2145. BRAGG v. THE STATE.
(674 SE2d 650)

PHIPPS, Judge.

Christopher Lynn Bragg was indicted for rape, statutory rape, and child molestation. The indictment specifically charged Bragg with child molestation by engaging in sexual intercourse with the victim. After a jury trial, he was acquitted of the first two charges and convicted of child molestation. Bragg was sentenced to twenty years, ten in confinement and the remainder on probation. Bragg filed a motion for modification of sentence, which the trial court denied. Bragg appeals the denial of his motion, claiming that the sentence imposed constituted cruel and unusual punishment. Because Bragg has failed to show that his sentence was grossly out of proportion to the severity of the crime for which he was convicted, we affirm.

The evidence showed that in April 2006, Bragg was playing hide and seek with B. B. and her younger sister. At the time, Bragg was 15 years old and B. B. was 12. Bragg and B. B. went into the woods on

---

[17] *Glass v. State*, 255 Ga. App. 390, 398 (9) (b) (565 SE2d 500) (2002).

a four-wheeled vehicle to hide. According to B. B., Bragg got off the vehicle, turned around, and told her to relax as he pulled his pants down. He then held her leg, got on top of her, pulled her pants down, and put his penis inside her vagina. B. B. testified that she tried unsuccessfully to push him off and to keep him from pulling down her shorts. She did not consent to having sexual intercourse with Bragg.

Bragg testified that B. B. suggested that they have sex and that she unzipped his pants, pulled her shorts to the side, and sat on top of him. He said that there was no penetration.

After his conviction, Bragg sought to have his sentence reduced, claiming it constituted cruel and unusual punishment. Bragg relied upon the 2006 amendment to OCGA § 16-6-4, which provides misdemeanor treatment for child molestation convictions under certain conditions, and the Supreme Court of Georgia's decision in *Humphrey v. Wilson*,[1] where the court recognized that the 2006 amendment represented "a seismic shift in the legislature's view of the gravity of oral sex between two willing teenage participants."[2] The trial court ruled that the 2006 amendment did not apply to Bragg because the minor victim was younger than 14 years of age and that *Humphrey* did not extend to Bragg's situation because the victim here was not a willing partner.

OCGA § 16-6-4 (b) (1) provides that a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than twenty years. Under the 2006 amendment to OCGA § 16-6-4, if the victim is at least fourteen but less than sixteen years old and the person convicted of child molestation is eighteen years old or younger and is no more than four years older than the victim, such person shall be guilty of a misdemeanor.[3]

Bragg claims that although his sentence falls within the statutory guidelines, his federal and state constitutional rights were violated because the harshness of the penalty is grossly out of proportion to the severity of the offense committed.

As a general rule,

> a presumption arises when a defendant is sentenced within the statutory limits set by the legislature that such sentence does not violate the Eighth Amendment's guarantee against cruel and unusual punishment. Such presumption remains

---

[1] 282 Ga. 520 (652 SE2d 501) (2007).

[2] Id. at 528 (3) (c).

[3] OCGA § 16-6-4 (b) (2).

424

until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience.[4]

"Under the Eighth Amendment to the United States Constitution and under Art. I, Sec. I, Par. XVII of the Georgia Constitution, a sentence is cruel and unusual if it is grossly out of proportion to the severity of the crime."[5] The Eighth Amendment's protection against cruel and unusual punishment flows from the basic precept of justice that punishment for a crime should be proportioned to the offense.[6] "The Eighth Amendment prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed."[7]

To determine whether a sentence is grossly out of proportion to the severity of the crime, "a court must first examine the gravity of the offense compared to the harshness of the penalty and determine whether a threshold inference of gross disproportionality is raised."[8] "[I]t is the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."[9]

At issue in *Humphrey*[10] was Genarlow Wilson's ten-year sentence for having engaged in consensual oral sex with a fifteen-year-old girl when he was seventeen. Relying on the 2006 amendment to OCGA § 16-6-4, which would have afforded Wilson misdemeanor punishment if it had been enacted before he committed his crime, and the significant change in the legislature's view of the appropriate punishment for teenage oral sex evidenced by that amendment, the Court held that Wilson's sentence was grossly disproportionate to his crime.[11]

A different result ensued in *Widner v. State*,[12] where Widner, who was 18 years old at the time, admittedly engaged in acts of oral sex and sexual intercourse with a 14-year-old girl. He challenged his

---

[4] *Carter v. State*, 267 Ga. App. 520, 523 (6) (600 SE2d 637) (2004) (citation and punctuation omitted); *Couch v. State*, 248 Ga. App. 238, 240 (3) (545 SE2d 685) (2001) (citation and punctuation omitted); see also *Humphrey*, supra at 525 (3) (a) (legislative enactments are the clearest and best evidence of how contemporary society views a particular punishment).

[5] *Humphrey*, supra at 524-525 (citations and punctuation omitted).

[6] *Bradshaw v. State*, 284 Ga. 675, 676 (2) (671 SE2d 485) (2008).

[7] Id. (citations and punctuation omitted).

[8] *Humphrey*, supra at 525 (citations and punctuation omitted) (adopting federal rule).

[9] *Bradshaw*, supra at 677 (citation and punctuation omitted).

[10] Supra.

[11] *Humphrey*, supra at 530.

[12] 280 Ga. 675, 676 (1) (631 SE2d 675) (2006).

mandatory sentence of ten years without the possibility of parole for aggravated child molestation based on an act of sodomy as constituting cruel and unusual punishment. Widner argued that his crime should have been given special treatment and should have been excepted from the mandated punishment because he was eighteen at the time of the act and the victim was only four years younger.[13] The Court in *Widner* refused to apply the 2006 amendment to OCGA § 16-6-4 because the revision did not become effective until after Widner was sentenced.[14]

The *Humphrey* court distinguished *Widner* because the 2006 amendment did not apply to Widner as he was more than four years older than the victim.[15] Thus, the Court concluded that the amendment did not raise an inference of gross disproportionality with respect to his sentence.[16]

Here, Bragg seeks special treatment based on his age and the age difference between B. B. and himself. He argues that his conduct falls within the legislative intent of the 2006 amendment to OCGA § 16-6-4 because he was less than eighteen years old, he and B. B. were less than four years apart in age and both he and B. B. were "children" as defined by the legislature.[17] As in *Widner*, however, the 2006 amendment does not apply to Bragg because B. B. was only 12 years old at the time of the sexual act. For that reason, the amendment does not raise an inference of gross disproportionality with respect to his sentence.[18]

In a recent pronouncement on the applicable standard for assessing a cruel and unusual punishment claim, the Supreme Court of Georgia distinguished *Humphrey* and concluded that the most recent legislative pronouncement on a particular punishment does not preclude the court's evaluation of a sentence to determine whether it is cruel and unusual.[19] In *Bradshaw*, the court examined "the harm caused or threatened to the victim or society, and the culpability of the offender" and took into account "the absolute magnitude of the crime" before examining the sentence imposed.[20]

---

[13] Id.

[14] Id. at 677 (2).

[15] *Humphrey*, supra at 526 (3) (b) (Widner was four and a half years older than the victim, who turned fourteen only five days before the incident).

[16] Id.

[17] See OCGA § 16-6-4 (a) (defines child molestation as an immoral or indecent act done to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person committing the act).

[18] See *Humphrey*, supra.

[19] *Bradshaw*, supra at 678 (2) (a).

[20] Id. at 679 (2) (b), (c).

Even under that analysis, Bragg has not shown that this is one of those rare cases that raises a threshold inference of gross disproportionality. As for the harm caused or threatened to society, the Georgia General Assembly has declared that sexual offenders who prey on children are "sexual predators who present an extreme threat to the public safety."[21] Unlike the failure to register as a sexual offender at issue in *Bradshaw*, Bragg's crime was not a passive felony.[22] Competent evidence showed that he had engaged in sexual intercourse with a 12-year-old girl without her consent. Georgia law against child molestation punishes acts that are far less severe.[23] Under these circumstances and given the fact that the potential punishment for child molestation ranges from five to twenty years, Bragg's sentence of ten years confinement followed by probation does not raise a threshold inference of gross disproportionality.[24]

Bragg also argues that his sentence is overly harsh compared to other penalties for similar conduct. In *Humphrey*, however, the court held that this analysis takes place after a "threshold showing of disproportionality" is made.[25] Because Bragg has failed to make this threshold showing, we need not compare his sentence to sentences imposed for similar crimes within the jurisdiction. We note, however, that the cases Bragg cites for comparison did not involve sexual intercourse.[26]

Bragg has failed to show that his sentence was grossly out of proportion to the severity of the crime for which he was convicted, child molestation based on sexual intercourse with a 12-year-old girl. Thus, the trial court did not err in concluding that Bragg's sentence did not constitute cruel and unusual punishment.[27]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

---

[21] Ga. L. 2006, p. 379, § 1.

[22] *Bradshaw*, supra at 679 (2) (b).

[23] See *Kolar v. State*, 292 Ga. App. 623, 624-625 (1), (2) (665 SE2d 719) (2008) (15-year child molestation sentence upheld where appellant rubbed child's stomach until his hand went under her waistband toward her private area, and only stopped when she demanded it).

[24] See generally *Carter*, supra at 524 (6) (imposition of maximum sentence not cruel and unusual).

[25] See *Humphrey*, supra at 525 (3) (a); *Bradshaw*, supra at 680 (2) (c).

[26] See *In the Interest of Q. F.*, 280 Ga. App. 812 (635 SE2d 209) (2006) (evidence showed appellant pushed victim, a high school classmate, against railing as he tried to unbutton her pants; that he unbuckled his belt, pulled out his penis, and tried to rub it on her vagina and make her touch it); *In re J. B.*, 183 Ga. App. 229, 230-231 (6) (358 SE2d 620) (1987) (evidence showed appellant, a juvenile, ordered young girls into a room where he fondled their genital areas under their clothing).

[27] See *Humphrey*, supra at 526 (3) (b) (distinguishing *Widner*).

DECIDED MARCH 4, 2009.

*Jamie A. Casino*, for appellant.
*Richard A. Mallard, District Attorney, Benjamin T. Edwards, Assistant District Attorney*, for appellee.