## A09A0537. MORRIS v. THE STATE.

(685 SE2d 348)

JOHNSON, Presiding Judge.

This case requires us to apply the decision of the Supreme Court of Georgia in *Humphrey v. Wilson*.[1] In *Humphrey*, a majority of the Supreme Court concluded as a matter of law that, based on the facts and circumstances of the case, a mandatory minimum sentence of ten years in prison with no possibility of parole, as well as registration as a sexual offender,[2] constituted cruel and unusual punishment for a seventeen-year-old defendant convicted of the aggravated child molestation of a fifteen-year-old victim.[3] In response to the *Humphrey* dissent's prescient warning that the decision could entitle numerous other defendants to be discharged from custody,[4] the Supreme Court set up standards to be considered in determining if the facts and circumstances of a case were sufficiently similar to those in *Humphrey* so as to require a similar result.[5]

Here, we apply those standards to the case of John Michael Morris, who was 15 years old at the time he committed the aggravated child molestation of his 13-year-old brother, A. M., by having A. M. place his mouth on Morris' penis.[6] Morris was also accused of child molestation pursuant to OCGA § 16-6-4 (a), for placing his hand on A. M.'s penis, but the jury found Morris not guilty of that offense. Morris appeals from his conviction claiming, among other things, that his sentence to a mandatory ten years in prison with no possibility of parole constituted cruel and unusual punishment. We transferred the appeal to the Supreme Court of

---

[1] 282 Ga. 520 (652 SE2d 501) (2007).

[2] The trial court in *Humphrey* also sentenced the defendant to an additional year to serve on probation following his incarceration for the ten-year mandatory minimum.

[3] *Humphrey*, supra at 532 (3) (g).

[4] Id. at 541 (Carley, J., concurring in part and dissenting in part).

[5] Id. at 532 (3) (g).

[6] OCGA § 16-6-4 (c) ("A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy.").

356

Georgia to consider Morris' constitutional challenge,[7] but the Supreme Court returned the appeal to us, finding that "the application of *Humphrey* to the facts of this case does not invoke [the Supreme Court's] constitutional question jurisdiction." Because we find that *Humphrey* requires that Morris' sentence be set aside, we reverse and remand the case to the trial court with direction to dismiss the proceedings against Morris.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court.[8]

So viewed, the evidence shows that in November 2004, Morris returned to live in his family's home in Columbia County after spending a year at a residential treatment facility for children with emotional problems. Morris' mother had a boyfriend in North Carolina, and she testified that when she was in North Carolina to stay with her boyfriend, she left her sons under the supervision of her estranged husband, who was the boys' stepfather. The stepfather resided approximately 20-30 minutes away, but the mother testified that he would "come over and . . . make sure everything's fine" with the boys. At some point in January or February 2005, at a time when the boys' mother was in North Carolina and when Morris and A. M. were 15 and 13 years old, respectively, Morris asked A. M. to put Morris' penis in his mouth, and A. M. complied.

After A. M. told his mother that he thought he might be "gay" because of sexual acts he committed with Morris, Morris' mother contacted the police. Morris admitted that he had initiated oral sex with his brother on three occasions on unspecified dates in North Carolina and in Georgia.

Morris' mother provided a statement to police stating that A. M. felt he had been "tricked" because after he put Morris' penis in his mouth, Morris refused to put A. M.'s penis in his mouth and told him "[t]hat's gay." A. M. testified that he felt tricked because he thought that Morris was going to let him play with his video games if he did what Morris requested. A jury found Morris guilty of aggravated child molestation in September 2005, and this appeal followed.

---

[7] See Ga. Const. Art. VI, Sec. VI, Par. II (1).
[8] *Daniel v. State*, 296 Ga. App. 513 (1) (675 SE2d 472) (2009).

On appeal, Morris raises a host of constitutional challenges to his conviction and sentencing. With the exception of his claim that his sentencing constituted cruel and unusual punishment, however, Morris' constitutional challenges were not asserted until after the guilty verdict was returned. As a result, Morris is barred from raising these claims on appeal.[9]

Like the defendant in *Humphrey*, Morris bases his contention that his sentence constitutes cruel and unusual punishment in large part on the fact that the 2006 amendment to OCGA § 16-6-4 makes the conduct for which he was convicted a misdemeanor.[10] As described in *Humphrey*, that amendment provides that if a person engages in sodomy with a victim who "is at least 13 but less than 16 years of age" and if the person who engages in the conduct is "18 years of age or younger and is no more than four years older than the victim," the person is guilty of the new crime of misdemeanor aggravated child molestation.[11] Neither the original statute nor the amendment provides for enhanced punishment based on any familial relationship between the defendant and the victim.

In *Humphrey*, the defendant was convicted of aggravated child molestation based on an act of sodomy that he committed against a 15-year-old girl when he was 17 years old.[12] The Supreme Court held that the defendant's punishment, as a matter of law, was grossly disproportionate to his crime and that it constituted cruel and unusual punishment under both the Georgia and United States Constitutions.[13] Because the minimum punishment for the crime for which the defendant was convicted was cruel and unusual, the Supreme Court held that his sentence must be set aside and that he must be released from custody.[14]

The dissent in *Humphrey* noted that the General Assembly expressly provided that the 2006 amendment to OCGA § 16-6-4 would not apply retroactively, and that the majority's decision meant "any and all defendants who were ever convicted of aggravated child molestation and sentenced for a felony under circumstances similar to [the defendant's] are, as a matter of law, entitled to be completely discharged from lawful custody. . . ."[15] The majority responded by providing a list of factors that would indicate when a case was

---

[9] *Hardeman v. State*, 272 Ga. 361, 362 (529 SE2d 368) (2000).

[10] See OCGA § 16-6-4 (d) (2).

[11] In addition, the 2006 amendment to OCGA § 42-1-12 relieved persons who committed such acts from having to register as sexual offenders. See OCGA § 42-1-12 (a) (10) (A) (ix).

[12] *Humphrey*, supra at 520.

[13] Id. at 530 (3) (c) and 532 (3) (g).

[14] Id. at 533 (4).

[15] Id. at 540-541 (Carley, J., concurring in part and dissenting in part).

sufficiently similar to *Humphrey* to require a similar result:

> [T]he dissent's concerns about the impact of today's opinion are unfounded. In point of fact, today's opinion will affect only a small number of individuals whose crimes and circumstances are similar to [the defendant's], i.e., those teenagers convicted only of aggravated child molestation, based solely on an act of sodomy, with no injury to the victim, involving a willing teenage partner no more than four years younger than the defendant.[16]

We first note that we have struggled over categorizing A. M. as a "willing" teenage partner, as the Supreme Court categorized the victim in *Humphrey*, given that the victim here, like the victim in *Humphrey*, was under the age of consent.[17] While A. M. testified that he felt "tricked" into committing the sexual act, the state does not argue that Morris used physical force or threats to compel A. M. to comply with his request. Instead, the evidence was that Morris asked A. M. to commit the sexual act, and that A. M. later told his mother that he thought he might be "gay" because of what he and Morris had done. In any event, the jury was not required to make a finding on this issue because aggravated child molestation does not require the use of force or coercion and is based solely on the commission of an act of sodomy with an underage victim.[18] As a result, we find that A. M. was no less a "willing" teenage partner than the underage victim in *Humphrey*.

In considering whether this case is otherwise sufficiently similar to *Humphrey*, we note that both the Supreme Court of Georgia and this Court have been presented with cases in which the crimes and circumstances have been found not to share each of the factors described in *Humphrey*.[19] Here, however, like the defendant in

---

[16] Id. at 532 (3) (g).

[17] *Chase v. State*, 285 Ga. 693, 696 (2) (681 SE2d 116) (2009) ("The age of consent in Georgia is 16. In other words, generally speaking, it is a crime to have physical sexual contact with a person 15 years of age or younger.") (footnote omitted); see also *State v. Collins*, 270 Ga. 42, 43 (508 SE2d 390) (1998) (The term "against the victim's will" generally means without consent, and the fact that a victim is under the age of consent may supply the "against her will" element in a forcible rape case because it shows the victim was incapable of providing legal consent.). We also note that, while only the victim was under the age of consent in *Humphrey*, here both the victim and Morris were under the age of consent. As a result, A. M. could have been charged with aggravated child molestation based on his physical sexual contact with Morris.

[18] See *Brewer v. State*, 271 Ga. 605, 606-607 (523 SE2d 18) (1999).

[19] See *Mangrum v. State*, 285 Ga. 676, 681 (7) (681 SE2d 130) (2009) (defendant was not convicted solely of aggravated child molestation); *Bragg v. State*, 296 Ga. App. 422, 425 (674 SE2d 650) (2009) (victim was not a teenager at the time of the incident); see also *Humphrey*,

*Humphrey*, Morris was a teenager convicted only of aggravated child molestation, based solely on an act of sodomy, with no claimed injury to the victim, involving a teenage partner no more than four years younger than he was. As a result, we find that the crime and circumstances in this case meet each of the factors listed in *Humphrey* as important in determining whether a case is sufficiently similar to require a similar result. The fact that Morris and the victim were 15 and 13 years old, whereas the defendant and victim in *Humphrey* were 17 and 15 years old, and the fact that Morris and the victim were brothers, are not relevant considering the factors set out by the Supreme Court in *Humphrey*. Nor has the General Assembly provided that those differences have any bearing on cases arising out of OCGA § 16-6-4.

Applying the constitutional standards adopted by the Supreme Court of Georgia,[20] we find that *Humphrey* requires that Morris' sentence be set aside. Moreover, given that the minimum punishment as imposed against Morris was unconstitutional and because there was no other law in existence at the time under which he could be sentenced, Morris cannot be resentenced.[21] Therefore, we are constrained to direct that the trial court dismiss the proceedings against Morris and that he be discharged from custody.[22]

*Judgment reversed and case remanded with direction. Ellington and Mikell, JJ., concur.*

DECIDED OCTOBER 7, 2009 ▌

*Jason R. Hasty, for appellant.*
*Ashley Wright, District Attorney, Madonna M. Little, Charles R. Sheppard, Assistant District Attorneys, for appellee.*

---

supra at 526 (3) (b) (distinguishing *Widner v. State*, 280 Ga. 675 (631 SE2d 675) (2006), on the basis that the defendant in *Widner* was more than four years older than the victim).
[20] See *State v. Eastwood*, 243 Ga. App. 822, 824 (535 SE2d 246) (2000).
[21] See *Humphrey*, supra at 533 (4).
[22] Id.