**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**February 27, 2014**

# In the Court of Appeals of Georgia

A13A1896. JONES v. THE STATE.

BARNES, Presiding Judge.

Mark Bay Jones pled guilty to one count of theft by deception, OCGA § 16-8-3, after he was indicted in 2011 for taking $2,611.29 from an elderly victim in a roofing scheme. He was sentenced to ten years, with five years to be served in custody. Jones now appeals from the denial of his motion to withdraw his guilty plea and contends that his five-year prison sentence was grossly disproportionate to the crime committed and that his guilty plea was not knowingly entered. Following our review, we affirm.

1. With respect to whether a sentence is "grossly disproportionate," courts "must begin by comparing the gravity of the offense and the severity of the sentence." (Citation omitted.) *Adams v. State*, 288 Ga. 695, 701 (4) (707 SE2d 359) (2011). If this threshold comparison does not create an inference of gross disproportionality, the

Eighth Amendment analysis extends no further. Id. "It is the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." (Punctuation and footnote omitted.) *Bragg v. State*, 296 Ga. App. 422, 424 (674 SE2d 650) (2009). If the sentence falls within the statutory range of punishment set by the legislature, the presumption is that the sentence does not violate the Eighth Amendment, and the "presumption remains until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience." (Citation omitted.) *Cuvas v. State*, 306 Ga. App. 679, 683 (2) (703 SE2d 116) (2010).

Here, Jones' sentence is within the statutory limits set by OCGA § 16-8-12,[1] and thus his sentence of ten years, with five years probated, is not so disproportionate

---

[1] Under former OCGA § 16-8-12 a value in excess of $500 constituted a felony and was punishable "by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge." It was amended in 2012, raising the minimum value of stolen property that would justify a felony sentence to $1,500.01, and providing for a graduated schedule of minimum and maximum sentences, depending on the value of the stolen property. Ga. L. 2012, p. 899, § 3-2.

as to shock the conscience.[2] We therefore find no merit in this claim of error. See

*McLeod v. State*, 251 Ga. App. 371, 373 (2) (554 SE2d 507) (2001).

2. We also find no merit to Jones' contention that his guilty plea was not knowingly entered. He contends that, rather than a standard guilty plea, he had attempted to enter a guilty plea pursuant to *North Carolina v. Alford*, 400 U. S. 25, 37 (91 SCt 160, 27 LE2d 162) (1970) under which "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Jones maintains that the trial court was required to "go through the *Alford* . . . questions" and it because it did not his plea was not knowingly entered. We do not agree.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. When the validity of a guilty plea is challenged, the [S]tate bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. The State must show that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his

---

[2] "[I]t has long been the law in this state that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission." *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999).

3

plea. After a defendant's sentence has been pronounced, his guilty plea may be withdrawn only to correct a manifest injustice. The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.

(Citations and punctuation omitted.) *Williams v. State*, 318 Ga. App. 744, 745 (734 SE2d 745) (2012).

Here, the record clearly demonstrates that at the guilty-plea hearing, Jones was informed that he had agreed to enter a " nonnegotiated or a blind plea . . . [and] [w]hat that means is there are no recommendations or no agreement that the State has made with your attorney to present to the Judge today." Jones agreed and it was further explained that "the previous plea agreement that was given to your attorney in your case is not on the table anymore and will not be presented to the Judge." Jones acknowledged that he understood that as well. Jones further acknowledged that he understood the charges, and that the maximum sentence he could receive was ten years incarceration, that upon his entry of a guilty plea he would be waiving the right to a trial by jury and other attendant rights, and that he had not been forced to plead

4

guilty. Jones further acknowledged that he was pleading freely and voluntarily and stated that he was guilty of the crime charged and that he had deceived the victim.

Although sentencing documents suggest an *Alford* plea, the transcript reflects that Jones chose to enter a guilty plea. In any event, pretermitting whether the trial court erred in failing to question Jones to establish if he wanted to enter an *Alford* plea, the record demonstrates that Jones was cognizant of all of the rights he was waiving and the legal consequences of his plea. See *Bell v. State*, 294 Ga. 5, 7-8 (1) (749 SE2d 672) (2013) (Bell claimed at the hearing to withdraw his plea that he was innocent and pled guilty because he felt that he did not have any other choice, but even "[a]ssuming Bell was correct that he entered an *Alford* plea, the record shows that he was aware of the evidence against him, the availability of a justification defense, and the maximum and minimum sentences he could receive if convicted at a trial and that he made a decision to avoid the possibility of life without parole by pleading guilty.") There are no additional requirements under *Alford* regarding the apprisal of the consequences of a guilty plea. See *McKiernan v. State*, 288 Ga. 140, 142-143 (2) (702 SE2d 170) (2010) (even when considered under *Alford*, trial court did not commit a manifest injustice in accepting the guilty plea despite defendant's contention that the shooting of his wife was an accident.) Thus, in these

5

circumstances we discern no manifest injustice demanding the grant of Jones' motion to withdraw his guilty plea.

*Judgment affirmed. Miller and Ray, JJ., concur*.