**THIRD DIVISION**
**DOYLE, P. J.,**
**DILLARD, P. J., and MARKLE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 28, 2025**

# In the Court of Appeals of Georgia

A25A0201. RILEY v. THE STATE.

DOYLE, Presiding Judge.

Devin Riley appeals from the superior court's revocation of his first-offender probation, arguing in a single enumeration of error that the court manifestly abused its discretion when it imposed a sentence on revocation that was so disproportionate to the violation that it constituted cruel and unusual punishment. For the reasons that follow, we affirm.

The record shows that in February 2024, Riley was indicted for charges related to receiving a stolen vehicle, possession of a firearm during the commission of a felony and by a person under the age of 18, fleeing and attempting to elude, and obstruction of an officer after Riley attempted to flee while driving the stolen vehicle. On March

1, 2024, Riley entered a negotiated guilty plea to receiving a stolen vehicle, misdemeanor obstruction of an officer, and possession of a firearm by a person under the age of 18, and the other two charges were nolle prossed. The plea court ordered Riley to serve ten years with the first 60 days to be served in confinement, followed by ten years and nine months' probation, and the plea was subject to conditional discharge under the First Offender Act if Riley completed the terms of his probation. Riley waived

> any right to modification of the sentence to be imposed pursuant to this agreement, and agrees that he . . . shall not seek modification of said sentence in the future[;] all rights of appeal to the process and procedure in this case; of the entry of his/her plea of guilty; and of the entry of judgment and the sentence of the court hereon.

Riley also signed a waiver of rights form, initialing that he entered the plea knowingly and voluntarily, that he had been advised by his lawyer during the process, and that he was giving up certain rights by entering the plea. The plea agreement required Riley to report to the Office of Community Supervision no later than "as directed."

On March 27, 2024, the court issued a warrant for Riley's arrest based on his failure to report to community supervision within 72 hours of release and absconding

from the court's supervision around March 20. Thereafter, the State filed a petition for adjudication of guilt and imposition of sentence for violation of probation based on the allegations in the warrant as well as for the alleged commission of two new criminal offenses — possession of a firearm by a first offender and theft by receiving stolen property.

At the revocation hearing, a community supervision officer testified that Riley failed to report as directed; that an officer visited Riley's supposed residence on March 11, but Riley was not there; and that Riley did not return subsequent phone calls. A deputy testified that Riley was discovered during a traffic stop of a vehicle in which he was a passenger and that a firearm was found concealed in the vehicle. Riley told the officer that he had been reporting to the probation office.

After a hearing, the superior court entered an order resentencing Riley to ten years confinement with credit for time served and revoking his first offender designation because Riley had committed new offenses, failed to appear within 72 hours of release, and absconded from supervision. The court thereafter amended its order to find that the resentencing was based only on Riley's failure to appear within

72 hours of release and absconding from supervision, not on the commission of new offenses.

Riley appeals, arguing that the trial court's revocation of probation and resentencing to ten years' incarceration for technical probation violations was disproportionate and constituted cruel and unusual punishment.

> Both the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Georgia Constitution prohibit inflicting cruel and unusual punishments. The term "cruel and unusual" encompasses not only barbaric punishments, but also sentences that are grossly disproportionate to the crime committed.[1]
>
> If the sentence falls within the statutory range of punishment set by the legislature, the presumption is that the sentence does not violate the Eighth Amendment, and the presumption remains until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience.[2]

---

[1] (Citation and punctuation omitted.) *Conley v. Pate*, 305 Ga. 333, 335-336 (3) (825 SE2d 135) (2019).

[2] (Citation and punctuation omitted.) *Jones v. State*, 325 Ga. App. 845 (1) (755 SE2d 238) (2014).

Riley contends that the trial court's imposition of a ten-year sentence of incarceration is grossly disproportionate for failure to report within 72 hours and absconding from probation services for about a month. But the trial court in this instance was not imposing the sentence on the basis of the violation of conditions of probation, the trial court was imposing the sentence because Riley's first-offender status was revoked for the violations.

"Under Georgia's First Offender Act, a first-time felony offender who enters a guilty plea may be sentenced to probation or confinement before an adjudication of guilt and without entering a judgment of guilt."[3]

> While plainly amounting to something like a conviction in some senses (most notably, the offender may be sentenced to prison), the imposition of a first-offender sentence does not immediately constitute a conviction as that term is defined in Georgia's Criminal Code. Instead, the imposition of a first-offender sentence under OCGA § 42-8-60 (a) defer[s] further proceedings, and the charge remains pending for the duration of the first-offender sentence. . . . Upon satisfactory completion of a sentence imposed pursuant to OCGA § 42-8-60 (a), the defendant is discharged and exonerated of guilt. But if the defendant violates the terms of first-offender probation or is convicted of another crime during

---

[3] (Citation and punctuation omitted.) *Howard v. State*, 319 Ga. 114, 116-117 (2) (902 SE2d 551) (2024).

the pendency of that sentence, the trial court has discretion to revoke the defendant's first-offender status and may enter an adjudication of guilt and proceed to sentence the defendant as otherwise provided by law.[4]

Here, the trial court was authorized to revoke Riley's first-offender status because he violated the terms of his probation immediately after sentencing. Thus, the trial court adjudicated Riley guilty of the underlying crimes and imposed a sentence "as otherwise provided by law."[5] Riley's underlying counts of conviction included: (1) theft by receiving stolen property worth more than $5,000 and less than $25,000, which is punishable by at least two but not more than ten years' imprisonment;[6] (2) misdemeanor obstruction of an officer, which is punishable by up to 12 months' imprisonment;[7] and (3) possession of a handgun by a person under 18 years of age, which is punishable by up to 12 months' imprisonment.[8] Thus, the trial court's imposition of a sentence of ten years' imprisonment was within the statutory limits for

---

[4] (Citations, punctuation, and emphasis omitted.) *Howard*, 319 Ga. at 117-118 (2) (a), quoting OCGA § 42-8-60 (d).

[5] See *Howard*, 319 Ga. at 118 (2) (a).

[6] See OCGA §§ 16-8-7 (a); 16-8-12 (a) (1) (B).

[7] See OCGA §§ 16-10-24 (a); 17-10-3 (a).

[8] See OCGA § 16-11-132 (b).

the three counts and is therefore not so disproportionate as to shock the conscience.[9] Accordingly, the superior court did not err by revoking Riley's first-offender status and imposing this particular sentence of incarceration based on his immediate violation of the terms of his probation.

*Judgment affirmed. Dillard, P.J. and Markle, J., concur.*

---

[9] See *Jones*, 325 Ga. App. at 845-846 (1).